STATE of Iowa, Appellee,

v.

Gregory Kent WALKER, Appellant.

No. 62577.

Supreme Court of Iowa.

Decided July 25, 1979.

Paul T. Shinkle of Ackerman & Shinkle, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., Ann Fitzgibbons, Asst. Atty. Gen., and David Correll, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS, and ALLBEE, JJ.

LeGRAND, Justice.

This case presents an old argument in a new context. It concerns the extent to which the state must furnish minutes of testimony in a criminal case. Defendant's attack on the sufficiency of the minutes was rejected, and he was convicted of third-degree theft committed in violation of § 714.1(3), Supplement to The Code, 1977. We reverse the judgment and remand for a new trial.

Defendant raises three issues. All concern the testimony of Dennis Kehoe, an employee of the store from which the theft is alleged to have occurred. We discuss first the question of minutes of testimony, which is dispositive of this appeal.

I. Prior to January 1, 1978, the statute controlling minutes of testimony was § 769.4, The Code, which provided as follows:

The county attorney shall, at the time of filing such information, endorse or cause to be endorsed thereon the names of the witnesses whose evidence he expects to be introduced and use on the trial of the same, and shall also file with such information a minute of the evidence relating to the guilt of the accused of the offense charged of each witness whose name is so endorsed upon the information.

Since January 1, 1978, when the Iowa Criminal Code became effective, rules 4(6)(a) and 5(3), Iowa Rules of Criminal Procedure, define the state's duty in this regard.

Rule 4(6)(a) provides:

A minute of evidence shall consist of a notice in writing stating the name, place of residence, and occupation of the witness upon whose testimony the indictment is found, and a full and fair statement of the witness's testimony before the grand jury.

Rule 5(3) originally provided:

The prosecuting attorney shall, at the time of filing such information, endorse or cause to be endorsed thereon the names, occupations, and last known addresses of the witnesses whose evidence the prosecuting attorney expects to introduce and use on the trial of the same, and shall also file with such information, *of each witness whose name is endorsed upon the information, a statement sufficient to enable the defendant to prepare his or her defense.* (Emphasis added).

On July 1, 1979, a further change in this rule took place. The italicized portion of rule 5(3) was stricken and replaced by a requirement that minutes filed under that rule should be as "defined in rule 4(6)(a)."

The purpose of this change was merely to conform the two rules so that all prosecutions, whether by indictment (rule 4 (6)(a)) or by trial information (rule 5(3)), should adhere to the same standards.

We consider the July 1, 1979, modification to rule 5(3) to be one of clarification only. It was not intended to effect a change in the rule but only to explain the meaning of the rule as it was originally drafted. We therefore consider rule 5(3) the same as though it had always been in its present form. *Barnett v. Durant Community School District,* 249 N.W.2d 626, 629–30 (Iowa 1977).

The real issue is thus joined: do rules 4(6)(a) and 5(3) make any substantial change in the state's obligation to furnish minutes of testimony as it existed under § 769.4, The Code, prior to the adoption of the Iowa Criminal Code? We hold they do.

Our decisions under § 769.4 established the rule, hotly contested throughout the years by defense counsel and frequently the subject of criticism by members of this court, that witnesses were not limited in their testimony by the minutes. *State v. Miller,* 229 N.W.2d 762, 770–71 (Iowa 1975) and authorities there cited.

In *State v. Cunha,* 193 N.W.2d 106, 111 (Iowa 1972) we said:

A witness whose name is endorsed on the indictment (or information), and minutes of whose testimony are filed, is not limited to those minutes in his actual testimony. *State v. Salter,* 162 N.W.2d 427, 431 (Iowa 1968), (Rawlings and Becker, JJ., dissenting); *State v. Miller,* 259 Iowa 188, 196, 142 N.W.2d 394, 399 (1966); *State v. Powell,* 237 Iowa 1227, 1249, 24 N.W.2d 769, 782 (1946). The majority rule is clear and the trial court correctly followed it.

This rule has been severely criticized, both from within and without the court. The objections are fully discussed in another *Miller* case. *See State v. Miller,* 259 Iowa 188, 199, 142 N.W.2d 394, 401 (1966), (Becker, J., dissenting). For the purposes of this opinion, it is enough to acknowledge the long standing differences as to what constituted compliance with the statute.

It was in this setting that the language now in the rules was adopted. The purpose of the changes was to assure minutes which would eliminate most claims of foul play and would provide meaningful minutes from which a defense could be prepared.

We reach this conclusion without difficulty because we are interpreting rules which we ourselves drafted and adopted and which were then accepted by the legislature.

We come then to the question whether the minutes in the present case contained a full and fair statement of the evidence which Mr. Kehoe was to give. We set the minute out in full:

> *Dennis Kehoe,* 5304 Lafayette Street, Waterloo, # 234–6259, employed [by] Waterloo Motor Supply, will testify to seeing Gregory [Walker] in the rear of the Waterloo Motor Supply at 10:30 a. m. June 6, 1978 with another black male subject looking at the tires that were later stolen from the building.

The matter arose this way at trial. After Kehoe had completed his testimony, he was later recalled and then for the first time gave testimony concerning the business records of the company in order to establish there was no receipt or other evidence of a sale. The purpose of this testimony was to negate any notion that defendant had purchased the tires. The state admitted this evidence was necessary to show that there had been a theft and not a sale. The materiality of the evidence is conceded.

The minutes of Mr. Kehoe's testimony gave not the slightest hint of such testimony. The state, however, claims it is within the scope of the minutes. This argument loses it plausibility when it is pointed out this evidence was not even contemplated by the state at the time the minutes were prepared or, in fact, when the trial began. In asking leave to recall Mr. Kehoe, the county attorney stated in part as follows:

> I feel there is additional evidence that I didn't bring out in the direct examination of this witness [Kehoe] that I think now is important for the Court and jury to have to determine and decide this case. I also expected at least as to some of the testimony of Mr. Kehoe based on the information contained in this statement that he was going to be able to testify to a greater·extent regarding the theft of the tires which I found out in his direct examination this morning he was not able

to do. I think I also perhaps should mention that he has been out of State in California for I think a period of ten days most recently and that very plainly are my reasons for wanting to do so.

.    .    .    .    .

> During the course of his examination I determined and learned for the first time that he didn't have personal knowledge of all the information that I expected him to testify to and the information contained in his statement, although it was a rather complete statement, was somewhat ambiguous on that factor. It is something that ordinarily if I had an opportunity to discuss with him beforehand I would have done. That opportunity wasn't presented really until this week inasmuch as he had ·been out of town. I had tried to contact him last week with respect to the Beltram trial and wasn't able to do because he was in the State of California, I believe.

This is, perhaps, a good argument to justify recall of the witness, but it cannot be used to bring the minute of Kehoe's testimony up to the required standard. The very circumstances which surprised the state also surprised defendant.

■ It is not possible to formulate fixed criteria by which to determine the sufficiency of minutes. What constitutes a "full and fair statement of the witness's testimony" must necessarily be decided on a case-by-case basis. On the record now before us, we conclude this minute does not pass the test.

■ Minutes need not detail each circumstance of the testimony, but they must be sufficient—fully and fairly—to alert defendant generally to the source and nature of the evidence against him. The testimony Kehoe gave on recall concerned a matter—business records—which the state concedes it did not know about until the trial was underway. The minute did little more than identify the witness and state the conclusion that the tires in question were stolen. Under the new rules defendant is entitled to more. Under this record, it can hardly

be said the evidence on recall was within the scope of the minute. We hold Kehoe's testimony concerning business records should have been excluded on this ground. The case must be reversed because it was admitted.

II. One other issue must be considered because it is likely to recur in case of another trial. It also relates to Kehoe's testimony on recall.

Defendant claims it was error to permit Kehoe to testify orally that the business records show no sales data for the missing tires. He insists the records themselves must be admitted to establish this negative fact.

■■■ This depends on the provisions of § 622.28, The Code, our business record statute, which provides in part as follows:

Any writing or record, whether in the form of an entry in a book, or otherwise, including electronic means and interpretations thereof, offered as memoranda or records of acts, conditions or events to prove the facts stated therein, shall be admissible as evidence if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness, . ..

Evidence of the absence of a memorandum or record from the memoranda or records of a business of an asserted act, event or condition, shall be admissible as evidence to prove the nonoccurrence of the act or event, or the nonexistence of the condition, if the judge finds that it was in the regular course of that business to make such memoranda of all such acts, events or conditions at the time thereof or within a reasonable time thereafter, and to preserve them.

There is no merit in defendant's position. Before any testimony from business records can come in, foundation evidence must show the records were made in the regular course of business under the conditions pre-scribed in § 622.28. *State v. Lain,* 246 N.W.2d 238, 242 (Iowa 1976). The record itself is then admissible to prove "the facts stated therein." But in the present case the state wanted to prove a particular event—a sale—did *not* occur. The general rule formerly excluded books of account as proof of a negative character. 30 Am. Jur.2d *Evidence,* § 959 (1967); *cf. Shaffer v. McCrackin,* 90 Iowa 578, 580, 58 N.W. 910, 911 (1894) (book to prove non-payment not admissible unless all account books are submitted).

However, the statute now specifically covers this contingency. Significantly, when discussing proof of a nonoccurrence, the statute provides that *evidence* of the absence of a memorandum or record shall be admissible. This is in marked contrast to affirmative proof that a fact did occur. In that event the statute says the record itself must be introduced. Assuming the proper foundation under § 622.28 is first established, we hold oral evidence is proper to show the absence of a relevant business record. *State v. Rye,* 260 Iowa 146, 151–52, 148 N.W.2d 632, 636 (1967).

In the event of a new trial, the state may amend the minutes to conform to the "full and fair" standards discussed in Division I. This would remedy the objection to Kehoe's testimony.

III. For the reasons stated in Division I, the case is reversed and remanded for a new trial.

REVERSED AND REMANDED.