STATE of Iowa, Appellee,

v.

**Delbert E. RISTAU, Appellant.**

No. 68927.

Supreme Court of Iowa.

Nov. 23, 1983.

Charles L. Harrington, Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., and James W. Herrig, County Atty., for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

SCHULTZ, Justice.

Delbert E. Ristau was convicted by a jury of the crimes of kidnapping in the first degree in violation of sections 710.1(3) and 710.2 and sexual abuse in the second degree in violation of Iowa Code sections 709.1 and 709.3(3). The trial court deemed sexual abuse was an included offense in the kidnapping conviction and did not enter conviction or sentence defendant on this charge. Ristau now appeals from the judgment of first degree kidnapping, alleging that the trial court erred in (1) admitting testimony which went beyond the scope of the minutes; and (2) failing to direct a verdict on the kidnapping charge because there was insufficient evidence that the victim's confinement was more than incidental to the underlying sexual abuse. Defendant further claims he was denied effective assistance of counsel. We determine trial court did not err, and defendant's claim of ineffective assistance of counsel should be raised by an application for postconviction relief. We affirm defendant's conviction.

After an evening of drinking, Ristau and Dennis Orr met the female victim at a bar in East Dubuque in the early morning hours of August 8, 1981. Arrangements were made for her to ride back to Dubuque in the pickup truck that defendant was driving. The woman sat between Ristau and Orr. When the parties reached Dubuque, the defendant ignored the woman's request to turn right and instead turned left away from her home. As they proceeded in the opposite direction, she objected and stated she wanted to go home. Defendant did not respond. Instead, he drove over gravel roads to the Julien Dubuque Memorial. Once there, the woman testified that she was forced to perform sexual acts with Orr and Ristau. These acts terminated when a police officer arrived on the scene.

*I. Minutes of testimony.* Defendant claims that despite his objection, the court improperly allowed the complaining witness to testify beyond the scope of the minutes of testimony. He insists the minutes of testimony did not provide full and fair notice of the testimony she gave at trial.

Iowa Rule of Criminal Procedure 5(3) requires the prosecuting attorney to file, with the trial information, the minutes of evidence of each witness whose testimony the prosecutor expects to offer at trial. Such minutes shall consist of "a full and fair statement of the witness' expected testimony." *Id.* In *State v. Walker,* 281 N.W.2d 612, 612–13 (Iowa 1979), we explained the history of this requirement prior to the revision of our criminal code and the reason for the subsequent changes. "The purpose of the changes was to assure minutes which would eliminate most claims of foul play and would provide meaningful minutes from which a defense could be prepared." *Id.* at 613. We indicated it was not possible to formulate fixed criteria, and the adequacy of minutes must be determined on a case-by-case basis. *Id.* at 614. We generally stated that "[m]inutes need not detail each circumstance of the testimony, but they must be sufficient—fully and fairly—to alert defendant generally to the

source and nature of the evidence against him." *Id.* The minutes of testimony of the complaining witness were detailed and lengthy. Among the details were the following:

that this witness was located between the two male subjects; ... that as they came across the bridge and approached the Dubuque side of the bridge by the stoplights this witness did tell them to make a righthand turn at the stoplight; the driver of the vehicle made a lefthand turn and did proceed south on Locust Street; that this witness did ask them where they were going; that the driver said they were going for a little ride; that at that point, the subject known as Dennis did light a marijuana cigarette and did begin to pass it back and forth within the truck; that this witness told them she did not want to smoke any marijuana; that both male subjects ordered her to smoke it; and she did take a puff on the cigarette and did fake inhaling it; that both male subjects got mad at her and told her to quit faking; that this witness did then again inquire and told them they were going the wrong way; that she did not want to go that way; that she did ask them to take her home; that she could see that they were proceeding up a gravel road; that it was dark outside; and she could not recognize any other landmarks in the area; that the truck did come to a halt on the gravel road; that she did ask them where they were at; that the driver of the truck told her that they were at Julien Dubuque's Grave; that at the grave, she did ask to be let out of the truck so that she could go to the bathroom; that as she pulled her pants up and buttoned them, she looked to her side and that both male subjects were standing there; that the driver of the truck took her by the arms and pulled her down to the ground;

At trial, the complainant testified concerning her exit from the truck to go to the bathroom. At this point the prosecutor asked her whether there was any conversation. An objection that this testimony was not contained in the minutes was overruled by the trial court. The witness then was allowed to testify, "one of them said, don't run off."

The defendant claims he was prejudiced by this surprise testimony since it obviously was offered as proof that the witness was not free to leave. He maintains this ruling constitutes reversible error.

From our review of the sufficiency of the minutes in relation to the testimony of the witness, we conclude the trial court properly overruled defendant's objection. The minutes disclosed the nature of the testimony concerning force and confinement that would be offered by the complaining witness. The details concerning her position in the truck, defendant's failure to follow her directions or obey her request to be taken home, the orders requiring her to smoke marijuana, and the route over a gravel road to an unfamiliar dark area all signaled defendant that she would testify extensively about her lack of freedom. Although the minutes did not detail the conversation complained of, the challenged statement was consistent with the overall nature of her testimony. The defendant cannot claim he was surprised by her testimony that she was not free to leave. The minutes fully and fairly alerted defendant generally to the source and nature of the evidence against him.

■ *II. Sufficiency of the evidence.* Defendant next claims his motion for a directed verdict should have been sustained since there was insufficient proof of confinement. He maintains the victim voluntarily entered the vehicle and was not restrained until the assault took place. He urges that any confinement was merely incidental to the underlying sexual abuse and will not support a kidnapping conviction.

We have interpreted the terms "confines" and "removes" in our kidnapping statute, section 710.1, to require more than a confinement or removal that is merely an incident of the commission of sexual abuse. *State v. Rich,* 305 N.W.2d 739, 745 (Iowa 1981). "Not every incidental confinement or every trivial movement from one place to

another warrants a kidnapping conviction." *State v. Folck,* 325 N.W.2d 368, 371 (Iowa 1982). We stated in *Rich:*

Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual abuse. Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consumation of the offense.

Reviewing the evidence in the light most favorable to the State, we hold there was a jury question on this issue. Complainant's entry into the pickup truck was consensual; however, defendant's subsequent deviation from the route was objected to on several occasions. Complainant was forced to smoke a marijuana cigarette while she was en route. She was taken over two miles from the initial improper turnoff to a dark and secluded place and then attacked at a spot 60 to 70 feet away from the parking lot and a sidewalk. Given these facts, a jury properly could conclude her consent was terminated when the defendant intentionally turned away from the route to the complainant's home. The defendant's movement of the victim to a secluded place exceeded the confinement or removal that is inherent in the commission of the crime of sexual abuse. His action indicates he sought seclusion as a means of avoiding detection. The remoteness of the location where the attack took place substantially increased the risk of harm to the victim if she attempted to defend herself or escape. The victim was unfamiliar with the area, and the testimony of a peace officer indicates there was a cliff nearby. The evidence of confinement and removal falls within the contemplation of section 710.1 and supports the kidnapping conviction.

■ *III. Ineffective assistance of counsel.* Defendant raises several matters concerning the ineffectiveness of his trial counsel. Our review of these claims indicates the record on direct appeal is insuffi-

cient to adjudicate a claim of ineffective assistance of counsel. *State v. Schoelerman,* 315 N.W.2d 67, 71 (Iowa 1982). Accordingly, we reserve these issues until such time as a proper application for postconviction relief is made.

AFFIRMED.