STATE of Iowa, Appellee,

v.

Terry Roy LORD, Jr., Appellant.

No. 69504.

Supreme Court of Iowa.

Dec. 21, 1983.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., and Ronald L. Wheeler, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ, and WOLLE, JJ.

McCORMICK, Justice.

Defendant Terry Roy Lord, Jr., appeals from his conviction by jury and sentence for first-degree murder in violation of Iowa Code section 707.2(2) (1981). The sole question is whether the conviction should be reversed because the State's minute of expected testimony of a police identification technician did not disclose two opinions expressed by the officer at trial. The trial court overruled defendant's objections to the testimony, and we affirm.

Viewing the evidence in its light most favorable to the verdict, it shows that defendant raped the victim and then killed her by cutting her throat and stabbing her. The offense occurred in the victim's automobile in Des Moines' near north side at approximately 4:00 a.m. on May 13, 1982. The victim was found in the automobile

later in the morning, and the knife used by defendant was discovered on top of a nearby building.

The evidence included physical items from the vehicle and observations made of those items, the vehicle interior, and the knife. The State's evidence tended to show that defendant used the hinge of the knife to knock out two interior lights in the car to conceal his rape of the victim. Because defendant and the victim were social friends, it became important to the State not only to show defendant had been in the vehicle but that he had been in it on the occasion involved.

The minute of testimony of John Kilgore disclosed the following:

He will testify that he is an identification technician employed by the Des Moines Police Department; that on May 13, 1982, he assisted in the investigation of a homicide at 13th and Forest, Des Moines, Iowa; that pursuant to this investigation he [examined] the victim's vehicle, one 1973 Buick License FNM097; that he will describe his observations of this vehicle and its interior; that he will describe the various items of evidence seized from this vehicle which included among other items two white plastic covers from interior lights and a small bulb; that he lifted latent prints from the plastic covers and compared them to a known set of the defendant's prints and formed the opinion that the latent print from the plastic cover was made by the defendant; that on May 13, 1982, at 1400 hours he attended and photographed the autopsy of the victim in this case; that at the time of the autopsy he obtained items of clothing worn by the victim and obtained body samples from the victim; that he will testify to this and other matters pertaining to the crime, which occurred in Polk County, Iowa.

At trial, the officer gave two opinions to which defendant objected as outside the scope of the minute of testimony. One was an opinion that someone had wiped the interior of a car window with an object, probably of cloth. The other was an opinion that marks on the plastic light covers had been made by the hinge on defendant's knife or one very similar to it.

At issue is the application of Iowa Rule of Criminal Procedure 4(6)(a), which provides:

A minute of evidence shall consist of a notice in writing stating the name, place of residence, and occupation of the witness upon whose testimony the indictment is found, and a full and fair statement of the witness' testimony before the grand jury and a full and fair statement of additional expected testimony at trial.

We must decide whether the Kilgore minute was a "full and fair statement" of his expected testimony within the meaning of the rule. This court has said minutes "need not detail each circumstance of the testimony, but they must be sufficient—fully and fairly—to alert defendant generally to the source and nature of the evidence against him." *State v. Walker*, 281 N.W.2d 612, 614 (Iowa 1979). A case-by-case approach is necessary. *Id.*

Prior cases provide some assistance in determining where the line should be drawn. In *Walker*, the minute stated that an employee of the premises from which tires were stolen would testify that he saw defendant and another person looking at the tires that were later stolen. At trial the witness was asked about business records of his employer in an effort to show the tires had not been sold. This court found that the testimony exceeded the scope of the minute. In *State v. Olsen*, 293 N.W.2d 216 (Iowa), *cert. denied*, 449 U.S. 993, 101 S.Ct. 530, 66 L.Ed.2d 290 (1980), and *State v. Olsen*, 315 N.W.2d 1 (Iowa 1982), the minutes showed police officers would give foundational chain-of-custody testimony relating to testing marijuana. In each case, the minutes were held to be exceeded by opinion testimony concerning methods used in packaging and distributing the drug. In *State v. Waterbury*, 307 N.W.2d 45 (Iowa 1981), a minute disclosed that a witness would testify that the gun involved in a murder was stolen on one

date, but the witness also testified at trial concerning the defendant's purchase of the gun on a subsequent date. The State conceded the minute was exceeded. No reversible error was found, however, because defendant had learned of the testimony in a deposition of the witness two months before trial. In all of these cases the minute identified one general subject of testimony, but the witness testified about an additional subject.

■ In the present case, Kilgore's testimony concerning the wiping of the window plainly came within the scope of the minute. The minute stated that Kilgore is an identification technician, had examined the vehicle, and would "describe his observations of this vehicle and its interior." He testified that based on his observations it appeared someone had attempted to wipe the interior of one of the car windows "with an object, probably a cloth object, for reasons of their own." The minute was sufficient to alert the defendant generally to the source and nature of the witness' specific testimony concerning the appearance of the window.

The second opinion presents a much closer issue. That Kilgore would give detailed expert testimony concerning his observations of the plastic light covers should have been obvious from the minute of his testimony. That he would give expert identification testimony in one respect was also apparent, since the minute stated he would testify defendant's fingerprint was found on one of the covers. The crucial issue here is whether Kilgore's opinion based on comparing defendant's knife with the marks on the plastic covers was generally embraced within the notice that he would testify as an expert to his observations of the covers. He testified without objection about the size and shape of the marks. The knife was in evidence, and the jury could see it. Without Kilgore's testimony, however, it is doubtful the jury would have made the connection between the knife and the damage to the light covers.

In describing the light covers Kilgore obviously could testify, as he did, to the size and shape of the marks. The controversy concerns whether the minute was adequate to permit him to express an opinion concerning what instrumentality caused the marks. It is not unusual for an expert description of an injury to include an opinion concerning the kind of object that caused it. It was not unexpected, for example, that the medical examiner in describing the victim's injuries would characterize them as stab wounds. This concept is not unduly extended by anticipating that a properly qualified identification expert will describe physical damage in part by attributing it to a particular instrumentality. Once that is done it is not a great leap for the witness to say a specific instrumentality in evidence is the one or like the one that caused the damage. Kilgore's comparison testimony was thus within the general subject of describing the damage to the light covers.

■ Under the *Walker* standard, the minute need not detail every expected expert inference. It need only be sufficient "to alert defendant generally to the source and nature of the evidence against him." 281 N.W.2d at 614. The minute did not alert defendant specifically to the inference at issue here, but it did advise him generally that the witness would testify to inferences of that source and nature.

■ Even though rule 4(6)(a) is a departure from prior law and, as our cases demonstrate, does not permit a witness to testify on a subject not identified in the minute of the witness' evidence, the rule is not a substitute for discovery. Its purpose is to alert the defendant *generally* to the source and nature of the evidence against him. A defendant may thus be put on notice of the necessity of further investigation of the witness' probable testimony. We believe the minute of Kilgore's expected testimony was minimally adequate to alert defendant that Kilgore might express an opinion concerning the cause of the marks on the light covers.

The trial court did not err in admitting Kilgore's opinions over defendant's objections.

AFFIRMED.