**STATE of Iowa, Appellee,**

v.

**Robert Eugene ELLIS, Appellant.**

No. 83–354.

Supreme Court of Iowa.

June 13, 1984.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sherie Barnett, Asst. Atty. Gen., and Catherine H. Thune, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN and CARTER, JJ.

McGIVERIN, Justice.

Defendant Robert Eugene Ellis appeals his conviction for second-degree burglary in violation of Iowa Code sections 713.1 and 713.3 (1981). He contends: 1) that a list prepared by the victim showing items taken in the burglary and their valuation should not have been admitted in evidence; 2) that certain testimony of a witness should have been excluded as exceeding the scope of the minutes of testimony; 3) that testimony of an additional witness was improperly admitted; and 4) that a mistrial should have been granted when some jurors saw him in shackles outside the courtroom. We affirm.

On May 13, 1982, a Des Moines house was burglarized during the absence of the owner and various items consisting mainly of jewelry and coins were taken. Blood stains and broken glass at the scene suggested the burglar had cut himself while gaining entry to the home. The daughter of the victim testified that she stopped by the house that day and observed defendant, whose right hand was concealed in a pocket, at the front door. After a brief conver-sation, defendant entered an apartment in a nearby house. Debra Stroburg, the occupant of that apartment, testified that defendant had been staying with her and appeared to be concealing something under his jacket upon his return that day. ·She said a Tom "Buck" Owens had requested that defendant be allowed to stay with her. She also testified that on two occasions during the next week she drove defendant to meetings with a person named Chip. Lester "Chip" Peckler, Jr., testified that on several occasions defendant sold him merchandise ultimately identified as having been taken in the burglary.

Although defendant orally confessed to the crime when initially questioned by police, he denied culpability at trial and claimed that Debra Stroburg had committed the offense.

Defendant was charged, found guilty by a jury, and sentenced for second-degree burglary. He now appeals. Other facts will be stated as necessary in considering the issues presented.

I. *Valuation evidence.* Ellis first contends the trial court erred in admitting a list, prepared by the burglarized homeowner, of items reported missing along with corresponding valuations the homeowner had estimated for each item. Defendant objected that the valuations should not be received into evidence because they were irrelevant and prejudicial to his case. He did not, however, object to the introduction of the missing items list itself.

The test for admission of evidence is two-fold: 1) the evidence must be relevant; and 2) if the evidence is relevant, the trial court must determine whether the probative value of the evidence outweighs the prejudice which would be caused by its admission into the record. *State v. Chadwick,* 328 N.W.2d 913, 916 (Iowa 1983). *See* Iowa R.Evid. 401–03 (effective July 1, 1983). The admissibility of evidence is a matter within the discretion of the trial court. *Chadwick,* 328 N.W.2d at 917.

"The test of relevancy is whether the evidence offered would render the desired

inference more probable than it would be without such evidence. Irrelevant evidence is that which has no logical tendency to establish any material proposition." *Id.* (quoting *State v. Mark*, 286 N.W.2d 396, 410–11 (Iowa 1979)). *See* Iowa R.Evid. 401 (effective July 1, 1983).

■ The valuations of missing items were not relevant and should not have been admitted because a logical correlation cannot be shown to exist between the valuations and any essential element in the State's case. The value of property taken is not an element of the offense with which defendant was charged—second-degree burglary. *See* Iowa Code sections 713.1 and 713.3 (1981). Burglary does not require a showing that, incidental to the breaking or entering, property was taken nor the value of any stolen property.

■ To establish reversible error, however, the defendant must show that he was prejudiced by such error. "When a trial court error is not of constitutional magnitude, the test of prejudice is whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice." *State v. Massey*, 275 N.W.2d 436, 439 (Iowa 1979). *See also State v. Trudo*, 253 N.W.2d 101, 107 (Iowa), *cert. denied*, 434 U.S. 903, 98 S.Ct. 299, 54 L.Ed.2d 189 (1977).

■ Defendant asserts the values of the missing property evoked the sympathy of the jury and thus amounted to prejudice against him. However, we believe the fact that the jury was aware of the claimed value of the stolen property does not create an inference or presumption that defendant was the perpetrator of the burglary. The identity of the burglar was the main issue at trial. Whatever sympathies that may be invoked would be for the homeowner and would not lead to a conclusion that the defendant must have been the perpetrator of the burglary. Thus, any sympathies that may result from the admission of such evidence cannot be said to injuriously af-

fect defendant's rights or cause him to suffer a miscarriage of justice.

There is no reversible error here.

II. *Minutes of testimony.* Defendant claims that despite his objection, the trial court improperly allowed the witness Debra Stroburg to testify beyond the scope of the minutes of testimony. He says the minutes of testimony did not provide a full and fair notice of the testimony she gave at trial.

■ The State must file, at the time of filing the trial information, minutes of testimony as to the State's witnesses which provide a "full and fair statement of [each] witness' expected testimony." Iowa R.Crim.P. 5(3). Whether testimony is within the scope of the minutes must be decided on a case by case basis. *State v. Walker*, 281 N.W.2d 612, 614 (Iowa 1979). The minutes need not list each detail to which a witness will testify, but they must provide defendant with a full and fair statement sufficient to alert him to the source and nature of the information against him. *State v. Lord*, 341 N.W.2d 741, 743 (Iowa 1983); *State v. Conner*, 314 N.W.2d 427, 430 (Iowa 1982).

The minutes indicated that Stroburg would testify to the following facts:

That she resides at 2513 Westover, Apt. 1, Des Moines; that on May 13, 1982 she saw the defendant walk away from the Smith (victim's) home, 2509 Westover; that she remembers seeing Carol Peggs (victim's daughter) in the Smith's driveway; that she saw what appeared to be a paper sack under the defendant's shirt; that the defendant came to her residence from across the street and asked her to get him out of the neighborhood; that she drove him to 1111 S.E. 30th where he met with a man called Chip; that the defendant told her that he had gotten "some really valuable stuff this time" and "that it was really worth some money"; that the defendant gave Chip some merchandise to sell for him; that she then drove the defendant to 713 State St., Dexter, Iowa, and dropped him off; that she related this incident to Det.

182

Rector of the DMPD; that she will testify to these and other matters pertaining to the crime, all of which occurred in Polk County, Iowa.

During the trial, the prosecutor asked Stroburg if she noticed anything about defendant's hands when he returned to her apartment from the victim's house. Defendant objected that there was "nothing contained in the minutes of testimony ... concerning same." After the objection was overruled, Stroburg testified she believed defendant's right hand had been bleeding.

The minutes clearly indicated that Stroburg would testify to facts which would identify defendant as the perpetrator of the crime. They indicated she was able to place defendant at the scene and describe his appearance and conduct as he came across the street toward her and in her presence after the alleged offense was to have occurred. The condition of his general appearance and hands could be expected from the minutes of testimony to be a part of her evidence.

 Although the minutes did not specifically detail the evidence of which defendant complains, the challenged testimony was consistent with the overall nature of the minutes of Stroburg's testimony. *Cf. State v. Ristau*, 340 N.W.2d 273, 274–75 (Iowa 1983) (complaining witness' conversation with defendant not mentioned in the minutes but was deemed consistent with overall nature of witness' testimony). The minutes adequately alerted defendant generally to the source and nature of the evidence Stroburg would give against him. *See id.*

There is no error here.

III. *Allowing testimony of additional witness.* Defendant contends the court improperly allowed the State to call police officer John Kilgore as a witness during the State's case in chief because he was not listed as a witness on the trial information. This occurred after testimony was elicited from police officer William Judkins, mainly on cross-examination by defense counsel, which would have permitted argument by

defendant that latent fingerprints found at the crime scene had not been compared by the State with fingerprints of defendant and other potential suspects. Judkins also testified that he had made no such comparison.

When called, Kilgore testified that he had compared the fingerprints found at the scene with those of the defendant, Debra Stroburg and Tom "Buck" Owens and that no identification had been made. This meant that the State did not find the prints of defendant and the other two persons at the crime scene. Kilgore did not lift the latent prints nor take the known fingerprints.

Iowa R.Crim.P. 18(3) provides:

*Failure to give notice.* If the prosecuting attorney does not give notice to the defendant of all prosecution witnesses (except rebuttal witnesses) at least ten days before trial, the court may order the state to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances. It may, if it finds that no less severe remedy is adequate to protect the defendant from undue prejudice, order the exclusion of the testimony of any such witnesses.

When the State indicated it desired to call Kilgore as an additional witness to dispel inferences that occurred during the testimony of officer Judkins, defendant objected because Kilgore's name was not listed as a witness on the trial information. Iowa R.Crim.P. 5(3). The court then delayed the trial to allow defense counsel to talk to Kilgore and take his deposition as provided by rule 18(3). That rule allows the court to admit testimony of additional witnesses if defendant is not unduly prejudiced.

 Under all the circumstances, we conclude the court did not abuse its discretion by finding under rule 18(3) that exclusion of Kilgore's testimony was not required after defendant had been allowed to depose this witness. No additional continuance after the deposition was requested nor was the need for one shown to exist.

In addition, defendant objected that Kilgore's testimony was based on hearsay and that no foundation was laid by showing a chain of custody of the latent and known fingerprints that Kilgore compared. The court overruled the objections.

■ The gist of Kilgore's testimony was that the State was unable to identify the latent prints at the burglarized house as having been made by defendant, Stroburg or Owen, with whom defendant had been associated. We conclude that any error in the admission of Kilgore's testimony was harmless beyond a reasonable doubt, because the evidence was exculpatory as to defendant. *Cf. State v. Smith,* 282 N.W.2d 138, 141 (Iowa 1979) (allowing challenged testimony held harmless error when defendant not prejudiced).

Defendant's contentions are without merit.

IV. *Motion for mistrial.* Finally, defendant contends his motion for mistrial should have been granted.

After adjournment on the first day of trial, two to four of the jurors observed defendant manacled outside the courtroom being led by a jailer down the courthouse stairs. The jurors were walking down the stairs behind the defendant. The next day, defendant moved for a mistrial on the ground the incident prejudiced the jury against him. The court found that the exposure to the jurors was for a brief period of time and there was no evidence the jury was prejudicially affected by the incident. The court overruled defendant's motion during trial and as later renewed as a ground for his motion for new trial.

In *State v. Evans,* 169 N.W.2d 200, 210–11 (Iowa 1969), and later in *State v. Kile,* 313 N.W.2d 558, 562–63 (Iowa 1981), we discussed the principles applying to the situation of a defendant being subject to physical restraint when brought from jail to and from the courtroom area for trial. A defendant is usually not restrained in the courtroom in front of a jury in order to prevent the creation of prejudice in the minds of jurors. *Evans,* 169 N.W.2d at 210.

However, in *Kile* we said:

A trial judge ... has a problem of balancing fair trial demands with security and safety. No trial is perfect. A trial judge looking back over a trial is in a better position than we are to say whether a reasonable accommodation of the two interests has been achieved; the judge is thus given considerable discretion in ruling on motions involving issues of this kind.

313 N.W.2d at 562.

■ In making this determination, it is relevant to consider the length of time involved in the incident, the circumstances under which the incident occurred, whether it occurred in the courtroom, and whether the jury was otherwise aware the defendant was incarcerated. *Id.* at 563. Here the incident did not occur in the courtroom. The jurors briefly observed defendant being led down the courthouse stairs as an officer was preparing to remove him from the courthouse. During trial, the witness Debra Stroburg testified she had visited defendant in jail when he was first incarcerated. Thus, there was evidence before the jury that defendant had been incarcerated.

■ Under the circumstances, we conclude the trial court did not abuse its discretion in finding defendant was not unfairly prejudiced by the incident and in overruling defendant's motions.

We have considered all of defendant's contentions and find no reversible error. The case is affirmed.

AFFIRMED.