**STATE of Iowa, Plaintiff-Appellee,**

v.

**Paul Hiram CALDWELL, Defendant-Appellant.**

No. 85–1715.

Court of Appeals of Iowa.

Feb. 25, 1987.

Charles L. Harrington, Chief Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Bradley V. Black, Asst. Atty. Gen., and Annette J. Scieszinski, Monroe Co. Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

SNELL, Judge.

On October 7, 1983, the appellant, Paul Hiram Caldwell, was charged by trial information with theft in the third degree as an habitual offender. Caldwell's first trial ended in his conviction, which was reversed by this court on grounds other than those asserted here, and remanded for a new trial. Caldwell's second trial resulted in a mistrial. On October 23, 1985, following his third trial, Caldwell was found guilty by a jury. He then admitted two prior felony convictions. On November 22, 1985, Caldwell was sentenced to serve a term of imprisonment not to exceed fifteen years, with a three-year minimum. This appeal followed. Our review is limited to the correction of errors at law. Iowa R.App.P. 4.

Caldwell poses but a single issue for our review. He contends that the district court erred in allowing testimony which exceeded the scope of the testifying witness's minute of evidence. The State argues as a threshold contention Caldwell's failure to adequately preserve error on this issue. We believe that, even assuming the issue to be properly before us, his claim is without merit.

The contested testimony was elicited from Max Browneller, owner of the property—a tractor, endloader, and trailer—the disappearance of which provided the basis for this case. His minute of evidence provides, in its entirety, as follows:

Witness may testify that: On September 27, 1983 at approximately 1:25 p.m. he made a report of a theft to the Mahaska County Sheriff's Office. He was met at the location of his farm by Deputy Hewitt. He reported to Deputy Hewitt that his Massey Ferguson Tractor, Model No. 210–4, his Massey Ferguson Endloader, a homemade yellow trailer, and a 20–foot log chain had been stolen.

On October 6, 1983 he travelled to the Monroe County Law Enforcement Center and met with Sheriff Dennis M. Carr for the purpose of identification of the missing tractor in the custody of the Monroe County Sheriff's Department. He identified the tractor through personal recognition and pointed out five distinct points of identification in addition to his recognition of the tractor. These points of identification are as follows: the upper edge of the bucket on the loader was sprung and bent slightly outward; a horizontal bar located below the tractor headlights is noticeably bent; the front tires on the tractor are not original equipment but rather are specially ordered tires from Firestone which were purchased from the Firestone dealer in Oskaloosa specifically for said tractor; the left front tractor tire had a slow leak and was noticeably low on air; tools and other property belonging to Witness were found in a tool box on the tractor with said tool box including shear pins in a paper sack.

Witness may testify as to other matters relevant to this case.

At trial, Browneller testified concerning the value of his tractor. Caldwell urges us to find the admission of such testimony reversible error. We are not persuaded to do so.

■ Iowa Rule of Criminal Procedure 5(3) provides that

[t]he prosecuting attorney shall, at the time of filing such information, endorse or cause to be endorsed thereon the names of the witnesses whose evidence the prosecuting attorney expects to introduce and use on the trial of the same,

and shall also file with such information the minutes of evidence of such witness which shall consist of a notice in writing stating the name, place of residence and occupation of each witness upon whose expected testimony the information is based, and a full and fair statement of the witness' expected testimony.

We need decide whether the Browneller minute was a "full and fair statement" of his expected testimony within the meaning of the rule. Our courts have said that minutes "need not detail each circumstance of the testimony, but they must be sufficient—fully and fairly—to alert defendant generally to the source and nature of the evidence against him." *State v. Walker*, 281 N.W.2d 612, 614 (Iowa 1979). A case-by-case approach is necessary. *State v. Lord*, 341 N.W.2d 741, 742 (Iowa 1983).

In *Lord*, our supreme court surveyed the cases in which that court had found error of the type Caldwell alleges here and summarized those as cases wherein "the minute identified one general subject of testimony, but the witness testified about an additional subject." *Id.* at 743. In contrast, those cases wherein no error was found have determined that the challenged evidence was "consistent with the overall nature of the minutes." *State v. Ellis*, 350 N.W.2d 178, 182 (Iowa 1984); *State v. Ristau*, 340 N.W.2d 273, 274–75 (Iowa 1983). In the case at bar, the minute alerted Caldwell that Browneller would testify concerning the tractor and his identification of it. We do not think it unusual for the owner of allegedly-stolen property, who testifies concerning the property and his identification of it, to include in his testimony an opinion of the property's value. While the minute does not specifically alert Caldwell that Browneller's testimony would include the tractor's value, we think it sufficient to advise him that Browneller would testify to facts of that nature. The testimony as to the tractor's value was within the "one general subject of testimony" identified in the minute, *Lord*, 341 N.W.2d at 743, and was "consistent with the overall nature" of that minute. *Ellis*,

350 N.W.2d at 182. The district court did not commit error in allowing the testimony.

AFFIRMED.