# IN THE COURT OF APPEALS OF IOWA

No. 13-0688
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA DAVID TURNER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.


        A defendant appeals claiming his attorney was ineffective and the court

abused its discretion in sentencing him.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Joshua David Turner, Clarinda, pro se appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney

General, John Sarcone, County Attorney, and Joseph Crisp, Assistant County

Attorney, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Joshua David Turner appeals his conviction for conspiracy to deliver a controlled substance, possession of a controlled substance with the intent to deliver, and failure to possess a drug tax stamp. Turner was also charged as a second or subsequent offender under Iowa Code section 124.411 (2011). Through counsel on appeal, he claims his trial counsel was ineffective in failing to object to testimony from Officer Doty that was not properly disclosed in the minutes of evidence. He also claims the court abused its discretion in sentencing him when the court failed to state on the record the reasons for imposing consecutive sentences. Turner also filed a pro se brief, asserting claims that there is a lack of evidence to prove he possessed the drugs at issue and that the court should not have allowed testimony from certain witnesses. We affirm the convictions and sentences for the reasons stated herein.

**I. Background Facts and Proceedings.**

David Allen worked as a confidential informant for the police. With the assistance of his police contacts, Allen arranged to purchase methamphetamine from Turner. Prior to the controlled buy, the officers searched Allen and his vehicle by patting Allen down while he remained seated in the vehicle, searching the front of the car, and visually inspecting the back seat. Allen was provided money to purchase the drugs and contacted Turner to arrange the purchase. Allen picked up Turner and Sergio Retana at an arranged location and drove them back to a Des Moines parking lot. The officers maintained surveillance on Allen's vehicle.

At the Des Moines parking lot, Retana and Turner got out of Allen's car and instructed Allen to drive around while they obtained the drugs from the source. Turner and Retana left on foot. Police surveillance was momentarily lost on Turner and Retana, but the officers maintained surveillance on Allen, instructing him to return to the parking lot. Retana and Turner returned to the parking lot and got into Allen's vehicle. Retana, who was in the back passenger seat, passed a baggie with a white substance inside to Turner in the front passenger seat who then passed it to Allen. Allen looked at the baggie and handed it back to Turner.

The police pulled Allen's vehicle over for a traffic stop and searched the vehicle with Allen's consent. The officers found methamphetamine in the front console under the ashtray and another baggie wedged between the back passenger seat and the frame. Each baggie was confirmed to contain approximately fourteen grams of methamphetamine.

Turner was charged, along with Retana, with conspiracy to deliver a controlled substance, possession of a controlled substance with the intent to deliver, and failure to possess a drug tax stamp. Turner and Retana were tried together. The first trial resulted in a mistrial when the jury could not reach a verdict. However, at the second trial, Turner and Retana were found guilty as charged. At sentencing, the court merged the conspiracy and the possession convictions and sentenced Turner to fifty years in prison on the conspiracy conviction, with a mandatory minimum of one-third. The court also imposed a five-year sentence on the failure to affix a drug tax stamp to be served

consecutively to the conspiracy charge, and both sentences would be served consecutively to a five-year sentence imposed on Turner for violating his probation.

Turner now appeals.

## II. Scope and Standards of Review.

A claim of ineffective assistance of counsel is reviewed de novo as it implicates the defendant's Sixth Amendment right to counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). Turner must prove counsel failed to perform an essential duty and prejudiced resulted from that failure. *See id.* Ineffective-assistance claims are generally preserved for postconviction-relief proceedings, but they can be decided on direct appeal where the record is adequate to reach the issue. *Id.* We find the record adequate to reach the issue in this case.

Turner's claim the court failed to state adequate reasons for imposing consecutive sentences is reviewed for an abuse of discretion. *See State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). An abuse of discretion will be found only where the court "acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.*

Turner's pro se claim challenging the sufficiency of the evidence of his possession of methamphetamine is reviewed for correction of errors at law. *See State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014). We will uphold a verdict if it is supported by substantial evidence. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). Evidence is considered substantial if a rational fact finder is convinced by the evidence that the defendant is guilty beyond a reasonable

doubt. *Id.* We look at all the evidence in the light most favorable to the State, including all reasonable inferences to be drawn from the evidence. *State v. Brown*, 569 N.W.2d 113, 115 (Iowa 1997).

We review Turner's pro se claim challenging the court's admission of evidence for an abuse of discretion. *See State v. Howard*, 509 N.W.2d 764, 768 (Iowa 1993).

## III. Ineffective-Assistance—Minutes of Evidence.

Turner first claims on appeal that his attorney provided ineffective assistance by failing to make a proper objection to the testimony of Officer Doty. Specifically, Turner claims Officer Doty's testimony that he made an inculpatory statement at the scene to Officer Doty was outside the scope of the minutes of evidence.

Iowa Rule of Criminal Procedure 2.5(3), states:

The prosecuting attorney shall, at the time of filing such information, also file the minutes of evidence of the witnesses which shall consist of a notice in writing stating the name and occupation of each witness upon whose expected testimony the information is based, and *a full and fair statement of the witness' expected testimony*.

(Emphasis added.) The purpose of the rule is to ensure minutes that "would eliminate most claims of foul play and would provide meaningful minutes from which a defense could be prepared." *State v. Walker*, 281 N.W.2d 612, 613 (Iowa 1979). "It is not possible to formulate fixed criteria by which to determine the sufficiency of minutes. What constitutes a 'full and fair statement of the witness's testimony' must necessarily be decided on a case-by-case basis." *Id.* at 614. "The minutes need not list each detail to which a witness will testify, but

they must provide defendant with a full and fair statement sufficient to alert him to the source and nature of the information against him." *State v. Ellis*, 350 N.W.2d 178, 181 (Iowa 1984). The testimony at trial should be "consistent with the overall nature of the minutes." *Id.* at 182. But "[t]he rule is not a substitute for discovery." *State v. Lord*, 341 N.W.2d 741, 743 (Iowa 1983). Even if we conclude the testimony given was beyond the scope of the minutes, "[w]e generally will not reverse on the ground of technical defects in procedure unless it appears in some way to have prejudiced the complaining party or deprived him or her of [a] full opportunity to make [a] defense to the charge presented in the indictment or information." *State v. Braun*, 495 N.W.2d 735, 741 (Iowa 1993).

The testimony of Officer Doty that Turner finds outside the scope of the minutes occurred on direct examination by the prosecutor as follows:

> Q. Officer Doty, once you and Officer Carney came to the scene of the traffic stop, did you have a chance to speak with Defendant Turner? A. I did.
> Q. And did you have a chance to speak to his presence in the area? A. I did.
> Q. And what did he state to you? A. *He stated that he figured Retana was getting methamphetamine from his cousins, but he wasn't for sure because he was wasn't allowed to go inside, and they spoke Spanish.*

(Emphasis added.) Defense counsel did not lodge an objection to this testimony.[1] However, counsel did file a posttrial motion asserting this testimony was outside the scope of the minutes. While the district court noted there was no

---

[1] Counsel had objected to an earlier, similar statement from Officer Doty asserting the statement was "pure speculation" on the officer's part. The court sustained that objection and struck the answer from the record. However, after a discussion with counsel outside the presence with the jury, the court permitted the testimony so long as the language used by Officer Doty matched the language used in his police report.

proper objection made during trial that the testimony was outside the scope of the minutes, the court did go on to address the merits of the claim, finding the substance of the statement was disclosed in the "notice of additional/substituted witnesses" filed by the State on January 4, 2013, between the first and second trial. The court also found that the minutes were supplemented by the testimony of Officer Doty at the preliminary hearing on September 21, 2012.

The "notice of additional/substituted witnesses" stated, with respect to the testimony from Officers Doty, Carney, and Scarlett, that "Turner could be observed sitting alone at the location as he was told to wait there while Retana went to see his cousin to get the methamphetamine." While it is true that these minutes do not specifically state which of the three officers would testify to this information or how this information was obtained, the minutes also contained a statement that these witnesses would testify to all facts and information disclosed to the defendants through any preliminary hearing, discovery, or depositions.

At the preliminary hearing, Officer Doty testified on direct examination from the prosecutor as follows,

> Q.  During the course of your investigation, did the officers have a chance to speak with Joshua Turner?  A.  Yes.
> Q.  And what information did you learn from Mr. Turner in regards to your investigation?  A.  I learned that they—himself and Mr. Retana had received a ride from a David Allen from Altoona Motel 6, or from the truck stop there, to the northeast side of Des Moines.  They then exited the vehicle and walked to another location, himself and Mr. Retana, to, presumably, get methamphetamines and then walked back to the car, got in to leave, which is when they got stopped.

On cross-examination, defense counsel asked,

> Q. Okay. And when you talk about what Mr. Turner told you, tell me what he did tell you, please. A. He told me a lot of things. It was a lengthy discussion.
>
> Q. Related to this—related to these drugs. Did he tell you he went into a house to purchase methamphetamine? A. No. He said he couldn't go inside the house because they spoke Spanish. He had to sit outside on the—on the hill and wait for Mr. Retana to come back out of the house.

When this testimony from the preliminary hearing is combined with the minutes of evidence, we agree with the district court's conclusion that the substance of Turner's statement to Officer Doty was adequately disclosed as required by rule 2.5(3). While none of the statements contained a verbatim recitation of the precise statement Turner made to Officer Doty that was admitted at trial, the information given provided defense counsel with a full and fair statement that alerted Turner generally to the source and nature of the evidence against him. *See Ellis*, 350 N.W.2d at 181.

Because we find the evidence complained of was within the scope of the minutes of evidence, as required by rule 2.5(3), counsel had no duty to object to this testimony on this basis. *See State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) ("[C]ounsel is not incompetent in failing to pursue a meritless issue."). Turner's ineffective-assistance claim therefore fails. *See State v. Williams*, 565 N.W.2d 611, 614 (Iowa 1997) ("We may dispose of an ineffective-assistance-of-counsel claim if [the defendant] fails to meet either the breach of duty or the prejudice prong.").

## IV. Sentencing.

Next, Turner claims the court failed to give specific reasons for imposing consecutive sentences in this case. He claims this amounts to an abuse of

discretion requiring his sentence to be vacated and the case remanded for resentencing.

Iowa Rule of Criminal Procedure 2.23(3)(d) provides in part that the court should state on the record the reasons for selecting a particular sentence. "Although the explanation need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). The court must also give reasons for its decision to impose consecutive sentences. *State v. Evans*, 672 N.W.2d 328, 331–32 (Iowa 2003).

The district court in this case originally ordered Turner's twenty-five-year sentence to be tripled under Iowa Code section 124.411. Because of "the harshness of that sentence" the court then ordered the sentence for the drug tax stamp conviction and the probation revocation to be served concurrently—for a total term of incarceration of seventy-five years, with a one-third mandatory minimum. When imposing this sentence, the court recognized that this offense occurred while Turner was on probation for a prior drug offense. The court stated it considered the factors set out in section 907.5,[2] and specifically

---

[2] This section provides that the court should determine which sentencing option will provide the maximum opportunity for rehabilitation of the defendant and protection for the community, and should consider the following factors in making this determination:

    a. The age of the defendant.
    b. The defendant's prior record of convictions and prior record of deferments of judgment if any.
    c. The defendant's employment circumstances.
    d. The defendant's family circumstances.
    e. The defendant's mental health and substance abuse history and treatment options available in the community and the correctional system.
    f. The nature of the offense committed.

identified Turner's age; his prior criminal convictions for burglary, drugs, and domestic abuse; his sporadic employment history; and his supportive family. The court reviewed the need to protect the community from further offenses by the defendant and the defendant's need for rehabilitation. The court also noted that through the operation of the police and the informant, "nearly a pound of methamphetamine was seized." The prosecutor then corrected the court to clarify only twenty-seven grams, not a pound, of methamphetamine was seized. The court stated this was still a significant amount of methamphetamine that was still a serious crime, but based on this information, the court reconsidered the total length of the sentence. The court stated,

> THE COURT: Mr. Turner, I can't tell you how unimpressed with you I am. If that's not already clear, I want that to be very clear. However, I will say this. As I was going through the sentencing elements, I did think from my recollection of the crime that the amount of meth was more than it turned out to be. So that is a significant factor in my decision and I'm going to reduce the sentence because I've been corrected on that. So you'll do double instead of triple. The five-year tax stamp will be consecutive instead of concurrent.
> DEFENDANT TURNER: Yes, sir.
> THE COURT: The probation violation on possession with intent on the marijuana will be consecutive instead of concurrent.
> DEFENDANT TURNER: Yes, sir.
> THE COURT: So instead of 75, I think that comes out to 60, plus the—you have the mandatory minimum that you have to do.
> DEFENDANT TURNER: Yes, sir.
> THE COURT: Okay. I think that treats you a little bit more fairly.
> DEFENDANT TURNER: Thank you.

Turner claims on appeal that the court's final statement that the reduced sentence "treats you a little bit more fairly" referred back to the reduction of the

g. Such other factors as are appropriate.
Iowa Code § 907.5(1).

sentence on count I from triple—seventy-five years—to double—fifty years. Turner claims the court did not link any of the reasons for imposing the sentence to justify imposing consecutive sentences on the drug tax stamp conviction and the probation revocation. We disagree. We conclude the court's reduction of the sentence on count I to fifty years and the imposition of consecutive, rather than concurrent, sentences are tied together in the court's overall sentencing plan. *See State v. Hennings*, 791 N.W.2d 828, 839 (Iowa 2010) (stating that it was apparent "the district court ordered the defendant to serve his sentences consecutively as part of an overall sentencing plan"). It is the total imposition of sixty years, instead of seventy-five, that the court finds treats Turner "more fairly." We conclude the court gave adequate reasons for imposing the sentence it did, and we find no abuse of discretion.

## V. Pro Se Claims.

Turner also makes two pro se claims in this appeal. He asserts there is insufficient evidence of his possession of methamphetamine and the court erred in admitting the testimony of Officers Doty and Carney because they "conflicted what each other claims actually happened."

Turner's co-defendant, Retana, similarly challenged the sufficiency of the evidence to prove possession of methamphetamine and our opinion in that case, filed today, applies equally to Turner's claim. *See State v. Retana*, No. 13-0795, ____ WL _____, at *__ (Iowa Ct. App. June 25, 2014). We see no reason to reanalyze the evidence and the law again here. While the methamphetamine was not found in Turner's physical possession when he was arrested, when we

view the evidence in the light most favorable to the State, as we must in a sufficiency-of-the-evidence challenge, we conclude there is substantial evidence the methamphetamine was in Turner's possession immediately prior to his arrest.

With respect to the admission of the testimony of Officers Doty and Carney, we note Turner did not make any objections during trial that the testimony of either officer was inadmissible because it was inconsistent with the testimony from the other officer. *See State v. Mark*, 286 N.W.2d 396, 408 (Iowa 1979) ("The requirement that an objection be asserted at trial, which specifically encompasses the grounds raised on appeal, is designed to assure that the trial court is alerted to the questions raised and opposing counsel has the opportunity to remedy the defect."). We therefore find Turner has failed to preserve error on his challenge to the admissibility of the officers' testimony. *See id.* ("It is well established that matters not raised in the trial court, may not be raised for the first time on appeal.").

## VI. Conclusion.

We find the testimony of Officer Doty regarding the inculpatory statement made by Turner was adequately disclosed in the minutes of evidence and the preliminary hearing. We also conclude the court adequately stated its reasons for imposing consecutive sentences. Finally, with respect to Turner's pro se claims, the evidence was sufficient to prove possession, and Turner failed to preserve error on his claim regarding the admission of the testimony of Officers Doty and Carney. Therefore, we affirm the convictions and sentences.

**AFFIRMED.**