## IN THE COURT OF APPEALS OF IOWA

No. 19-1013
Filed April 29, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**FREDRICK CARTER,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen (trial) and Mary E. Howes (sentencing), Judges.

Fredrick Carter appeals his conviction and sentence for willful injury causing bodily injury. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

A jury found Fredrick Carter guilty of willful injury causing bodily injury based on evidence that he repeatedly punched the woman he was dating in the face. On direct appeal from his conviction, Carter challenges evidence he alleges was outside the minutes of testimony,[1] the sufficiency of the evidence supporting his conviction, and the portion of his sentence assessing him a law-enforcement-initiative surcharge.

We review the district court's ruling on an objection to evidence that is beyond the scope of the minutes of evidence for abuse of discretion. *See State v. Hayes*, 532 N.W.2d 472, 476 (Iowa Ct. App. 1995). The court abuses its discretion when it bases its ruling "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted). Even assuming the court abused its discretion in admitting evidence at trial, "reversal is not required unless prejudice is shown." *State v. Buenaventura*, 660 N.W.2d 38, 50 (Iowa 2003).

Iowa Rule of Criminal Procedure 2.5(3) requires the State to file minutes of evidence listing the names of each witness expected to testify at trial with "a full and fair statement" of their anticipated testimony. The minutes "need only be sufficient to alert the defendant generally to the source and nature of the evidence against [the defendant]." *State v. Mehner*, 480 N.W.2d 872, 877 (Iowa 1992). But

---

[1] Iowa Rule of Criminal Procedure 2.5(3) employs the term "minutes of evidence" and "statement of the witness' expected testimony." In this case, the document filed by the prosecuting attorney as intended compliance with this rule was captioned "Minutes of Testimony," and the parties and court used the term throughout the proceedings. Since the 1800's, the term "minutes of testimony" has been commonly used interchangeably with "minutes of evidence." *See, e.g.*, *State v. Wise*, 50 N.W. 59, 60 (Iowa 1891) (using "minutes of testimony" and "minutes of the evidence" interchangeably).

there is no fixed criteria to determine whether the minutes are sufficient.  *See State v. Walker*, 281 N.W.2d 612, 614 (Iowa 1979).  Instead, "[a] case-by-case approach is necessary."  *State v. Caldwell*, 404 N.W.2d 186, 188 (Iowa Ct. App. 1987).

Carter complains about the testimony of two witnesses who interacted with the girlfriend on the night in question.  The witnesses testified they saw Carter and the girlfriend walk past the bar they were in.  About ten minutes later, the girlfriend entered the bar alone with injuries to her face.  One witness went to the bathroom to check on the girlfriend's welfare.  She testified that while in the bathroom together, the girlfriend said the man she had been with earlier assaulted her.  The other witness testified that while the two women were in the bathroom, Carter entered the bar for a short time and appeared to be looking for someone.

Carter's attorney objected to the testimony about seeing Carter and his girlfriend walk past the bar before the assault, alleging it was beyond the scope of the minutes of evidence.  The two witnesses' names are listed in the minutes of evidence, which includes the general statement that the witnesses "will testify in accordance with the statements, actions, and observations as are attributed to them in the police reports regarding this matter, copies of which are attached hereto and incorporated herein by this reference."  The minutes also state that these two particular witnesses "will testify to their observations and the statements [Carter's girlfriend] made to them."  The attached police report summarizes each witness's police interview, but it does not state that the witnesses saw Carter or the girlfriend before the girlfriend entered the bar.

The district court overruled Carter's objection because

[i]t is basically impossible for a police report to contain each and every bit of information that a particular witness might know or not know and . . . the fact that a police officer might not have asked that question or might not have been provided with that information earlier is not a reason to white wash from the witness's mind each and every fact that she might have observed on the night in question. That's what depositions are for.

The court's ruling follows our supreme court's rulings, which distinguish cases in which the minutes identify one general subject of testimony and the witness testifies about another subject with those in which the witness's testimony was "consistent with the overall nature of the minutes." *Id.* (citing *State v. Ellis,* 350 N.W.2d 178, 182 (Iowa 1984) and *State v. Ristau,* 340 N.W.2d 273, 274-75 (Iowa 1983)); *see also State v. Shorter*, 893 N.W.2d 65, 81 (Iowa 2017) ("[T]here is no requirement that the minutes of testimony provide a complete catalogue of witness testimony at trial . . . ."). The minutes of evidence here were enough to alert Carter to the general source and nature of the evidence against him. *See Ristau*, 340 N.W.2d at 275 (affirming trial court's overruling of defendant's objection that witness testimony was beyond scope of the minutes because "[a]lthough the minutes did not detail the conversation complained of, the challenged statement was consistent with the overall nature of [the witness's] testimony"). The district court did not abuse its discretion in overruling Carter's objection.

We next turn to Carter's challenge to the sufficiency of the evidence supporting his conviction. We review this challenge for correction of errors at law. *See State v. Benson*, 919 N.W.2d 237, 241 (Iowa 2018). In doing so, we view the evidence in the light most favorable to the State and affirm the verdict if substantial evidence supports it. *See id.* Substantial evidence is evidence that could convince a rational factfinder of guilt beyond a reasonable doubt. *See id.*

In determining the sufficiency of the evidence to support a jury's finding, we begin by looking at the jury instructions. *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006). The court instructed the jury to find Carter guilty of willful injury causing bodily injury if the State proved beyond a reasonable doubt that Carter had the specific intent to cause a serious injury and, in fact, caused a bodily injury. The instructions define a "serious injury" as "a disabling mental illness, condition which cripples, incapacitates, weakens or destroys a person's normal mental functions, bodily injury which (1) creates a substantial risk of death; (2) causes serious permanent disfigurement; or (3) causes extended loss or impairment of the function of any bodily part or organ." They define "bodily injury" as "physical pain, illness, or any impairment of physical condition."

Carter challenges the evidence showing he had the specific intent to cause bodily injury. Because specific intent is seldom capable of direct proof, it "may be shown by circumstantial evidence and the reasonable inferences drawn from that evidence." *State v. Walker*, 574 N.W.2d 280, 289 (Iowa 1998). The evidence shows Carter punched the girlfriend repeatedly in the face, "[a]t least over 20 times," striking her right and left eyes. Carter knocked her to the ground and struck her multiple times while she was down. She bled from her mouth and could not see out of her eye. Her injuries were severe enough that a bar patron she did not know followed her to the bathroom to see if she was okay or needed help. When asked to describe how the girlfriend appeared in the bathroom, that witness testified, "Her eye was completely swollen shut, black, her cheek, the size of a softball, blood coming from her hairline, her hair was mangled in knots. You could tell there was some type of struggle, her hoodie was stretched out." The swelling

remained for a month afterward. When viewed in the light most favorable to the State, substantial evidence shows Carter had specific intent to cause serious injury.

Finally, Carter challenges the portion of the sentencing order imposing a $125 law-enforcement-initiative surcharge. The State concedes the court had no statutory authority to do so. So we affirm Carter's conviction but vacate that portion of the sentencing order imposing the surcharge. We remand to the district court for entry of a corrected sentencing order.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**