**UNITED STATES of America, Appellee,**

**v.**

**Robert RED FEATHER, Appellant.**

**No. 87–5525.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 21, 1988.

Decided Jan. 3, 1989.

Rebecca A. McMahon, Rapid City, S.D., for appellant.

Robert A. Mandel, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before LAY, Chief Judge, BROWN,[*] Senior Circuit Judge, and BEAM, Circuit Judge.

---

* The HONORABLE JOHN R. BROWN, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

PER CURIAM.

Robert Red Feather was convicted by a jury on nine counts of assault with intent to commit rape, 18 U.S.C. § 113(a) (1982), aggravated sexual abuse, 18 U.S.C. § 2241(a)(1) (Supp.1986), and incest, S.D. Codified Laws Ann. §§ 22–22–1(6) and 25–1–6 (1979 & Supp.1987). Red Feather was sentenced to fifty years imprisonment. Federal district court jurisdiction exists pursuant to 18 U.S.C. § 1153 (Supp.1986).

Red Feather is alleged to have sexually molested his daughter Miranda Red Feather on numerous occasions. At trial Miranda was the key witness. The government's case lasted one day. After the government closed its case, it became aware of the existence of a diary kept by Miranda Red Feather which contained notations referring to certain incidents with her father. The government moved the district court[1] to reopen testimony to present the statements in the diary as evidence. The court granted the government's motion and denied Red Feather's motion for continuance to investigate the diary. The court provided defense counsel an opportunity to voir dire Miranda about the diary. The court admitted the diary and Miranda was cross-examined. Court was recessed for a three day weekend, during which time defense counsel did not attempt to investigate or examine the diary.

Red Feather now appeals his conviction and raises two issues.

Motion for Continuance

■ Red Feather claims the trial court abused its discretion in denying his motion for continuance during trial to conduct an investigation of the newly discovered diary. Red Feather alleges the diary was materially prejudicial and constituted a violation of due process requiring reversal.[2]

The district court adopted as its findings the results of the examination by Red Feather's expert. The expert found certain entries were in the handwriting of Miranda's mother, Cleo Red Feather, and all remaining entries, including the entries relating to Robert Red Feather's conduct, were made by Miranda Red Feather. The district court therefore found the diary to be an authentic document of Miranda Red Feather.

The expert conducted a relative age comparison test on the diary entries to determine whether the entries were written contemporaneous to the incidents or all at one time. The expert was unable to reach a conclusion as to when the entries were made.

Red Feather now argues that this determination together with the fact that the diary was in the hands of other individuals besides Miranda provided strong credibility to the probability that much of the diary was reconstructed by Miranda at a later date and that the diary did not exist before trial. The government responds that since the age tests were inconclusive there is no evidence that the entries were not made contemporaneous to the events charged in the indictment.

The test results show that some entries, which did *not* pertain to the charges in this case, were written by Cleo Red Feather. At the time of trial the defense was aware that there were entries made by Miranda's mother. Red Feather confirmed this in voir dire and during cross-examination.

Because the defendant's own expert found the document to be authentic and because the age test was inconclusive, a grant of continuance would not have resulted in exclusion of the document. Therefore, the denial of the motion for a continuance was not prejudicial and we find the district court did not abuse its discretion.

801(d)(1)(B)

■ Red Feather also alleges the trial court erred in admitting the out-of-court declarations of Miranda made in her diary

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

2. This court ordered the case remanded to the district court allowing Red Feather an opportunity to have the diary examined by experts to determine the authenticity of the diary entries, the handwriting and any other matter reflecting on the genuineness of the diary.

pursuant to Federal Rule 801(d)(1)(B) as prior consistent statements. The admission or rejection of a prior consistent statement is within the sound discretion of the trial court and will not be disturbed except when there has been prejudicial abuse of discretion. *United States v. Andrade*, 788 F.2d 521, 532 (8th Cir.), *cert. denied sub nom. Riley v. United States*, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 408 (1986).

Statements are admissible pursuant to 801(d)(1)(B) when two requirements are met:

1. The declarant must testify at trial and be subject to cross-examination concerning the declaration; and

2. The statement must be consistent with the declarant's testimony at trial, and be offered to rebut a charge of recent fabrication, improper influence or motive. Fed.R.Evid.P. 801(d)(1)(B).

Miranda Red Feather did testify in court and was cross-examined about the diary. The entries in the diary repeat the incidents she testified to at trial and, except for one date, are consistent with her testimony at trial. The defendant had implied on cross-examination that Miranda had been coached by the social services counselors, and that Miranda was prejudiced against her father because of punishment or discipline by him.

The diary was used to bolster Miranda's credibility and to rehabilitate her as a witness. "The extent to which rehabilitative evidence may be received is left to the sound discretion of the trial court." *Andrade*, 788 F.2d at 533.

The trial court found Miranda's statements contained in the diary to be "highly relevant and probative on the issue of her truthfulness." [3] Because of the "extensive and lengthy cross-examination touching [Miranda's] credibility," the court admitted the diary. The trial court gave a cautionary instruction that the statements in the diary were not to be considered as substantive evidence. Based on a careful review of the trial record, we cannot say that the admission of the diary was an abuse of discretion.

Accordingly, we now affirm the district court's judgment.

---

**3.** Tr. of jury trial October 9, 1987, Vol. II at 147.