STATE of Iowa, Appellee,

v.

Joseph A. WELLS, Appellant.

No. 93–0588.

Court of Appeals of Iowa.

June 28, 1994.

William W. Garretson, West Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., David Welu, County Atty., and Constance Welu, Asst. County Atty., for appellee.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

Joseph Wells was charged with second-degree sexual abuse after a four-year-old boy accused Wells of unzipping his pants and touching his penis. Wells was also accused of putting his mouth over the child's penis. He was found guilty following a jury trial and appealed after being sentenced to a term of incarceration not to exceed twenty-five years. We affirm.

At trial, the victim, Kyle, identified Wells in court. He testified Wells took him into the kitchen at their church and touched his "pee-pee." The abuse occurred during a church service.

Kyle's mother testified the incident was reported to authorities after she overheard her son ask his younger brother to touch his penis. The mother then asked Kyle if someone had touched him in a similar manner. Kyle reluctantly responded Wells had touched his penis. The State presented evidence that Kyle told the same story to his stepfather, stepgrandfather, and the police.

During trial, the district court allowed the State to amend the minutes of testimony of expert witness Dr. Barbara Cavallin. The prior minutes of her testimony stated she would testify, among other things, "that it is common for sexual abuse to be discovered when a child acts out sexually." The amended minutes stated the doctor would testify:

> That based upon her experience it is not common for a four-year-old boy to spontaneously expose himself to another and ask the other to touch his genitals; that such an act would not occur to a four-year-old child unless the child had previously observed or participated in a similar act.

Wells presented expert witness Dr. John Garfield, who testified it was not abnormal and actually was quite common for a four-year-old to show his penis to his two-year-old brother and ask him to touch it. Dr. Garfield also testified that children are susceptible to the suggestions of "intimidating interviewers." Wells presented evidence insinuating Kyle was pressured into fabricating the allegation, and may even have been spanked with a wooden spoon. Wells also introduced evidence of some animosity between himself and Kyle's stepfather. Wells testified and denied the incident.

Wells first contends on appeal the district court erred in allowing the State to amend the minutes of Dr. Cavallin's testimony. He asserts the amendment involved an entirely different subject matter than the prior minutes and he was not given an opportunity to prepare a defense or produce rebuttal witnesses. He also claims the amendment shifted the burden to him to depose the State's witnesses to his detriment. Second, Wells contends the district court erred in allowing Kyle's stepfather and stepgrandfather to testify regarding statements made to them by Kyle about the sexual abuse. Third, he claims there was insufficient evidence to support his conviction. Fourth, Wells asserts he

was prejudiced by the State's reference, in the presence of the jury, to prior sexual abuse charges concerning his father. Finally, Wells asserts the district court judge should have recused himself from the proceedings because his previous law firm provided legal representation for his father on prior sexual abuse charges.

### I. Amendment to Minutes of Testimony.

█ The State is required to file minutes of testimony of each witness expected to testify at the trial. Iowa R.Crim.P. 5(3). The minutes must be filed with the trial information and supply a "full and fair statement" of the anticipated testimony. *Id.* The purpose of the rule is to eliminate claims of foul play and provide an accused meaningful information from which a defense may be prepared. *State v. Walker*, 281 N.W.2d 612, 613 (Iowa 1979).

█ The obligation to provide a "full and fair statement" does not require the State to use precision in composing the expected testimony of each witness named in the minutes. *State v. Ellis*, 350 N.W.2d 178, 181 (Iowa 1984). The "full and fair statement" standard mandates the prosecutor to adequately alert the defendant to the source and nature of the testimony, and place defendant on notice of the need for further investigation of the particular details of the witness's expected testimony. *State v. Lord*, 341 N.W.2d 741, 743 (Iowa 1983). Moreover, the State is not bound to the original minutes of testimony provided to the defendant. The court may permit the State to amend the minutes before or during the trial unless "substantial rights of the defendant" would be prejudiced, or a "wholly new and different offense" is charged. Iowa R.Crim.P. 4(8)(a) and (e); *State v. Braun*, 495 N.W.2d 735, 741 (Iowa 1993).

█ Defendant argues the amendment to the minutes in this case improperly placed the burden on him to take discovery depositions since the amendment changed the nature of the witness's testimony. We disagree.

The decision to pursue discovery of the particular details of the expected testimony of a witness through deposition or other means rests, in each case, with the defendants. This is true whether the minutes of testimony are filed with the trial information or later amended. Amendments to minutes serve the same purpose as the original minutes, and follow the same rule requiring a "full and fair statement" of the expected testimony.

A defendant is not burdened with the decision to pursue depositions in response to amended minutes any more than with the original minutes. The choice to pursue discovery remains the same under each situation. The relevant inquiry is whether the subsequent amendment subjected the defendant to prejudice or created a new offense. Iowa R.Crim.P. 4(8)(e).

█ Prejudice does not arise simply because an amendment to the minutes is allowed. Prejudice generally looks to the existence of some legitimate surprise visited upon the defendant which undermines an aspect of the defense to the charge or renders defendant's evidence inapplicable. *See, e.g., State v. Ruth*, 830 S.W.2d 24, 26 (Mo. App.1992). A claim of prejudice must find support in the record. *See State v. Sharpe*, 304 N.W.2d 220, 225 (Iowa 1981).

The amendment permitted by the trial court in this case did not prejudice any substantial rights of the defendant. To the contrary, the amendment merely enlarged or detailed the prior minutes.

The prior minutes of the testimony of Dr. Cavallin indicated she would testify to a variety of opinions regarding sexually abused children, including her opinion that it was "common for sexual abuse to be discovered when a child acts out sexually." The prior minutes of other witnesses referred to signs of "sexual acting out" by the victim, including an incident when the victim lowered his pants and asked his brother if he wanted to touch his "pee-pee."

The amended minutes allowed at trial merely detailed the prior minutes of Dr. Cavallin's testimony by explaining that "based upon her experience it is not common for a four-year-old boy to spontaneously expose himself to another and ask the other to

touch his genitals; that such an act would not occur to a four-year-old child unless the child had previously observed or participated in a similar act."

The amended minutes did not change the nature of the testimony and could not have surprised defendant or unfairly altered his defense or ability to rebut the evidence. The prior minutes gave defendant fair notice of the testimony of Dr. Cavallin and the amended minutes added further detail. The amendment was properly allowed.

## II. Hearsay Objection.

■ Defendant claims the trial court erred in allowing the victim's stepfather and step-grandfather to testify at trial about statements made to them by the victim describing the abuse incident. The trial court admitted the testimony over defendant's hearsay objections. The State argues the statements were not offered for the truth of the assertions, but only to show that the victim voiced a complaint in response to the abuse.

■ Testimony by a witness concerning a complaint made by a victim in a sexual assault case is generally admissible when offered to corroborate the victim. *State v. Grady*, 183 N.W.2d 707, 713 (Iowa 1971); *State v. Griffin*, 386 N.W.2d 529, 535 (Iowa App.1986). The justification for admitting such statements is to thwart the natural assumption that the offense did not occur in the absence of a complaint. *See Grady*, 183 N.W.2d at 713 (quoting *People v. Burton*, 55 Cal.2d 328, 11 Cal.Rptr. 65, 75–76, 359 P.2d 433, 443–444 (1961) ("It is natural to expect that the victim of such a crime would complain of it, and the prosecution can show the fact of a complaint to forestall the assumption that none was made and that, therefore, the offense did not occur.")) The testimony of a complaint, therefore, is not admitted to show the truth of the statement, but simply that it was made. *Grady*, 183 N.W.2d at 713.

Consequently, the underlying details of the complaint are immaterial to the purpose of the offer and inadmissible. *Id.* Any description of the complaint which extends beyond an identification of the occurrence with the crime charged would constitute hearsay. *Id.* at 716.

■ The rule prohibiting the admission of the details of a complaint recognizes some leeway in cases involving young child victims. *Id.; Griffin*, 386 N.W.2d at 535. When young children are involved, greater detail may be necessary to properly identify the existence of a complaint. The State argues that the statements in this case fell within the parameters of this discretionary area. While greater latitude is recognized in child victim cases, it is not without some danger.

The rationale for permitting the admission of complaints in sexual misconduct cases is not nearly as strong when the conduct of young children is the focus of attention. Young children may not understand sexual abuse is wrong and would not necessarily be expected to lodge a complaint. Furthermore, the concept of a complaint can easily balloon into a specific account of the occurrence when it originates from a young child. The evidence of the complaint, consequently, has a tendency to accomplish more than corroborate the victim. The probative value of the details of the child's complaint repeated by others may be outweighed by the danger of unfair prejudice. *See* Iowa R.Evid. 403.

■ Courts must be cautious to consider the true purpose of offered testimony in ruling on its admissibility. This is especially critical when considering the admission of apparent hearsay statements not offered for the truth of the matter asserted.[1] *See State v. Horn*, 282 N.W.2d 717, 724 (Iowa 1979). The assertion must, notwithstanding, still be relevant to a material fact. *See Grady*, 183 N.W.2d at 712; *United States v.*

---

1. A statement is offered to prove the truth of its assertion if the substance of the statement must be believed by the jury to have true relevance in the case. *See State v. Beckett*, 383 N.W.2d 66, 69 (Iowa App.1985). It is necessary to look to the real purpose of the offered statement, not the purpose urged by its proponent, to determine if it is offered to prove truth. *State v. Sowder*, 394

N.W.2d 368, 370–71 (Iowa 1986). An objective test based on all the circumstances is used. *Id.* The scope of the examination helps reveal the real purpose for which the testimony is used. *Id.* (By eliciting specific statements, not merely focusing on the fact a conversation occurred, the State attempted to establish the truth of the facts asserted in the conversation).

*Press,* 336 F.2d 1003, 1011 (2nd Cir.1964) (a statement which is inadmissible to prove the truth of what it asserts may be admitted if the fact of the assertion is itself relevant irrespective of its truth). Furthermore, the probative value of the statement must not be outweighed by any unfair prejudice. Iowa R.Evid. 403.

It is unnecessary to follow the rule enunciated in *Grady* to resolve this issue, and we decline to do so. We recognize its pitfalls when applied to child victim cases. We also observe the rather detailed testimony of the complaint provided by the witnesses in this case. The testimony, however, was admissible under Iowa Rule of Evidence 801(d)(1)(B). The defendant in this case placed the victim's credibility in issue at trial. During cross-examination of the victim, defense counsel posited several questions reasonably viewed as implying the child's allegations were fabricated. The boy was asked the number of times he had been in the courtroom prior to his testimony and whether others had suggested his testimony. He was also asked if his mother told him the defendant committed the sexual abuse. Other questions addressed the sexual play with his brother and whether his parents were angry at him. Forms of parental discipline were brought out.

Under rule 801(d)(1)(B), evidence of prior consistent statements are nonhearsay if the declarant is subject to cross-examination at trial concerning the statement and the statement is offered to rebut an expressed or implied charge of recent fabrication or improper motive. *See State v. Gardner,* 490 N.W.2d 838, 840–41 (Iowa 1992).

In this case, the victim testified at trial and was subject to cross-examination concerning his statements targeting defendant as the perpetrator of the sexual abuse. *See United States v. Owens,* 484 U.S. 554, 561, 108 S.Ct. 838, 844, 98 L.Ed.2d 951, 959 (1988). The cross-examination implied a recent fabrication or improper motive. *See United States v. Montague,* 958 F.2d 1094, 1096 (D.C.Cir. 1992) (when defense counsel pursues questioning designed to impugn the motives of a witness, counsel assumes the risk that the prosecutor will introduce rebuttal evidence

under Rule 801(d)(1)(B)); *United States v. Red Feather,* 865 F.2d 169, 171 (8th Cir.1989) (defendant implied on cross-examination that child victim had been coached by social service counselor). We find no abuse of discretion in admitting the prior consistent statements under Iowa Rule of Evidence 801(d)(1)(B), as well as Iowa Rule of Evidence 403.

### III. Sufficiency of Evidence.

■■■■■ Defendant argues the evidence was insufficient to support the conviction. In reviewing this claim, we consider the evidence and all legitimate inferences from the evidence in a light most favorable to the State. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). The verdict stands if there is substantial evidence in the record tending to support the crime. *State v. Blair,* 347 N.W.2d 416, 418–19 (Iowa 1984).

We find substantial evidence from the record to support the jury's finding of guilty beyond a reasonable doubt. The victim identified defendant as the perpetrator of the abuse. The victim told his mother of this incident after she observed him ask his younger brother to touch his penis. The victim was given several opportunities to recant his charges. Furthermore, other witnesses confirmed defendant's presence at the scene of the abuse. The jury was free to accept the evidence they found most credible, and were not required to accept defendant's version of the facts. *State v. Pletka,* 310 N.W.2d 525, 527 (Iowa 1981).

### IV. Prior incident of sexual abuse.

Defendant's sister was called as a witness by the defendant. It was revealed during her examination that she was the victim of intrafamily sexual abuse as a child, prior to the time defendant was born. The specific incident was mentioned in response to questioning by defense counsel concerning prior sexual abuse counseling for family members. Defendant made no objection at trial to the questions asked by the prosecutor concerning the subject. Following the testimony, the trial judge revealed to counsel that a member of his former law firm had represented defendant's father in a 1985 sexual

abuse case. Defense counsel responded that he was aware of the matter and did not consider it to be a problem. Defendant now claims that the failure of the trial judge to recuse himself renders his conviction a nullity.

▮ Initially, we observe that defendant waived any claim of error regarding the admissibility of the testimony from his sister. The evidence was presented without objection. Furthermore, a review of the transcript of the testimony reveals defendant participated in the admission of the disputed testimony through questioning by his attorney. *See State v. Hinkle,* 229 N.W.2d 744, 750 (Iowa 1975). Finally, any error in admitting the testimony did not result in prejudice to the defendant. *See State v. Traywick,* 468 N.W.2d 452, 454–55 (Iowa 1991). The redirect examination of the witness made it clear that the incident was far removed from this case and did not involve the defendant.

▮ Defendant also failed to raise any claim at trial that the judge should have recused himself. Notwithstanding, recusal was not required. The prior criminal case against defendant's father was not a "matter in controversy" under Canon 3D(1)(b) of the Iowa Code of Judicial Conduct. *See People v. Storms,* 155 Ill.2d 498, 187 Ill.Dec. 467, 469–470, 617 N.E.2d 1188, 1190–1191 (1993), and authorities cited therein. There was no abuse of discretion in the trial judge's decision not to recuse himself. *See Forsmark v. State,* 349 N.W.2d 763 (Iowa 1984).

For these reasons, we affirm defendant's conviction.

**AFFIRMED.**