# IN THE COURT OF APPEALS OF IOWA

No. 15-0665
Filed June 15, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFFROE DELIDE WASHINGTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

Jeffroe Delide Washington appeals his conviction and sentence for domestic abuse assault causing bodily injury, enhanced. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Alexandra Link (until withdrawal) and Kevin R. Cmelik, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Jeffroe Delide Washington appeals his conviction and sentence for domestic abuse assault causing bodily injury, enhanced, in violation of Iowa Code section 708.2A(3)(b) (2013). Washington raises two arguments: (1) the district court erred in overruling his objection that certain testimony presented at trial exceeded the scope of the minutes of evidence and (2) the district court erred in denying his motion for new trial because the weight of the evidence did not support the jury's finding. Because we find the challenged testimony exceeded the scope of the minutes of evidence, we reverse and remand.

### I.      Background Facts and Procedure

On December 25, 2014, Washington was involved in an altercation with Samantha Fliss, his long-time girlfriend and the mother of their infant son. Washington had picked up Fliss and their son at Fliss's mother's house. Washington allegedly hit Fliss while Fliss was in the car. Fliss then exited the vehicle at a gas station and ultimately walked back to her mother's house. When Fliss left the house, she was without injury; when she returned, she had sustained an injury to her eye. At trial Fliss denied Washington had hit her, alleging the injury was likely sustained when she had attempted to hit Washington and he had blocked her blow. Contrary to Fliss's rendition of events, Fliss's mother, Mary Olmstead, testified Fliss had admitted Washington hit her. Olmstead also testified about a phone conversation she had with her daughter while Fliss was at the gas station. A responding police officer also testified Fliss had told him Washington had hit her. The officer later clarified he was uncertain whether it was Fliss or Olmstead who had made the comment.

Washington was charged and convicted of domestic abuse assault causing bodily injury, enhanced.  Washington timely appealed.

## II.     Standard and Scope of Review

We review a ruling on an objection that certain testimony was beyond the scope of the minutes of evidence for an abuse of discretion.  *State v. Hayes*, 532 N.W.2d 472, 476 (Iowa Ct. App. 1995); *see also State v. McMillen*, No. 09-0487, 2010 WL 786037, at *2 (Iowa Ct. App. Mar. 10, 2010).  "The minutes of testimony need only be sufficient to alert the defendant generally to the source and nature of the evidence against him."  *State v. Mehner*, 480 N.W.2d 872, 878 (Iowa 1992).  "Whether testimony is within the scope of the minutes must be decided on a case-by-case basis."  *State v. Ellis*, 350 N.W.2d 178, 181 (Iowa 1984).

## III.    Analysis

Iowa Rule of Criminal Procedure 2.5(3) requires the prosecuting attorney to "file the minutes of evidence of the witnesses which shall consist of a notice in writing stating the name and occupation of each witness upon whose expected testimony the information is based, and a full and fair statement of the witness' expected testimony."[1]  *See Mehner*, 480 N.W.2d at 877 ("The minutes of evidence must provide a full and fair statement of the witness' expected testimony.").  While "[t]he minutes need not list each detail to which a witness will testify," they must alert the defendant "to the source and nature of the information against him."  *Ellis*, 350 N.W.2d at 181.  "[W]hen the challenged minutes, though

---

[1] Rule 2.5(3) uses the terms "minutes of evidence" and "statement of the witness' expected testimony."  In this case, the document filed by the prosecuting attorney as intended compliance with this rule was captioned "minutes of testimony."  In this opinion we use the terms interchangeably.

incomplete, put defendant 'on notice of the necessity of further investigation of the witness' probable testimony,' reversal need not follow admission of matters they do not disclose." *State v. Musso*, 398 N.W.2d 866, 868 (Iowa 1987) (citation omitted). "We generally will not reverse on the ground of technical defects in procedure [including defects relating to minutes of evidence] unless it appears in some way to have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge presented in the indictment or information." *State v. Braun*, 495 N.W.2d 735, 741 (Iowa 1993).

The day before trial, the State filed additional minutes of testimony adding Fliss's mother, Olmstead, as a testifying witness. Those minutes provided as follows:

> This witness will testify in accordance with the police report/statement which is attached and made part of these minutes by this reference. This witness will testify to any statements or admissions by the Defendant. This witness will testify to any other facts or circumstances surrounding this case.

No police reports or statements were attached to the additional minutes. However, a police report was filed with the original minutes of testimony. Olmstead was listed as a witness in that report, but no other reference to her was made. Washington claims the additional minutes were not a full and fair disclosure. In response, the State argues Washington failed to preserve issue on this matter and, even if a technical error had occurred in the minutes, no prejudice resulted.

The only statement defense counsel objected to at trial as "beyond the scope" was "did [Fliss] say if she'd been in any type of physical altercation?" The resulting answer was "No." No further objection on scope was made—only

objections on hearsay or other grounds—as to any other testimony by Olmstead regarding statements made by Fliss. However, the trial transcript reflects a bench conference occurred shortly after Olmstead took the stand. Following Olmstead's testimony, the parties made a record outside the presence of the jury where defense counsel specified her objection was to the entirety of Olmstead's testimony and, specifically, that Olmstead's testimony concerning statements made by Fliss were outside the scope of the minutes of testimony. In reaching its ruling, the court stated:

> Well, the minutes for Ms. Olmstead is filed—for the record it was filed March 16th, yesterday. It's a very brief minute of testimony but makes reference to the police reports and statements that are in the minutes of testimony, and so that is the reason I overruled the defendant's objection made *at the bench conference and allowed the witness to testify.*

(Emphasis added.) We find error was preserved. *See Gacke v. Pork Xtra, L.L.C.*, 684 N.W.2d 168, 181 (Iowa 2004) ("[O]nce a proper objection has been urged and overruled, it is not required that repeated objections be made to questions calling for the same type of evidence." (citation omitted)).

In the alternative, the State argues that, even if the minutes were not in technical compliance, Washington was otherwise apprised of the evidence; thus, no surprise or prejudice resulted.

Here, the additional minutes of testimony filed by the State simply indicated Olmstead would testify "in accordance with the police report/statement which is attached and made a part of these minutes by reference." No police report was attached to the additional minutes, although a police report was filed with the initial minutes of testimony. In that report, the sole reference to

Olmstead was to identify her as a witness. The report makes no reference to any conversation held with Olmstead, the incidents Olmstead bore witness to, the statements Olmstead heard, or any potential testimony Olmstead might provide. In fact, the narrative provided in the police report makes no mention of Olmstead at all. Instead, the report contains descriptions, including an account of the police interrogation of Washington, to which Olmstead clearly was not privy. It is entirely unclear what portion of the report could have pertained to or was intended to pertain to Olmstead.

The State argues that, despite this "technical error," there was no prejudice because the report generally stated Fliss admitted "her eye was swollen from being punched" and "Washington punched her in the face." What the report does not say, however, is that Olmstead was present at the time these statements were made. *See State v. Wells*, 522 N.W.2d 304, 307 (Iowa Ct. App. 1994) (noting the trial information is meant to "alert the defendant *to the source and nature of the testimony*" (emphasis added)). Further, the report makes no reference to the phone conversation that occurred between Olmstead and her daughter. *See State v. Walker*, 281 N.W.2d 612, 614-15 (Iowa 1979) (finding testimony was outside the scope of the minutes where the minutes indicated the witness would testify to seeing the defendant with another individual near the stolen items but the witness also testified to business records showing there was no evidence of the sale of the stolen goods); *State v. Gilleland*, No. 08-0847, 2009 WL 2392054, at *2 (Iowa Ct. App. Aug. 6, 2009) (reversing where the minutes of testimony said the witness would testify to his residence, that he was at the residence when it caught fire, and "to any and all relevant facts herein," but

the witness also testified about a conversation had with the defendant two weeks later where the defendant admitted guilt). The State argues the phone call was known by defense counsel because Olmstead had called 911 following the call with her daughter, and the recording of this 911 call was shared with defense counsel. True though this may be, the 911 call was not entered into evidence; thus, this court is unable to discern what, if any, meaningful disclosure this provided to Washington and his counsel. Similarly, the State points to the officer's body microphone recording of his conversations with Olmstead and Fliss—again, this recording was not put in evidence and cannot be considered by this court.

The State next argues there was no surprise because defense counsel conceded at trial that the State had disclosed Olmstead was being called to testify as to the victim's lack of injury when she left and presence of injury when she returned. This, however, merely informed defense counsel that Olmstead would testify as to her observations of Fliss's physical appearance. It did not communicate that Olmstead would testify about an otherwise undisclosed telephone conversation or that, as part of those observations, Olmstead also heard Fliss admit Washington had injured her. *See State v. Caldwell*, 404 N.W.2d 186, 188 (Iowa Ct. App. 1987) (noting courts will find error where "the minutes identified one general subject of testimony, but the witness testified about an additional subject" (citations omitted)).

Ultimately, the additional minutes were devoid of any factual detail. The police report referenced and incorporated into the additional minutes equally lacked any meaningful discussion of Olmstead's potential testimony. Thus, the

minutes failed "to alert the defendant generally to the source and nature of the *witness' specific testimony.*" *State v. Lord*, 341 N.W.2d 741, 743 (Iowa 1983) (emphasis added). Both Washington and Fliss denied Washington had hit her. Countering this rendition of events was the officer's account and Olmstead's testimony that Fliss had admitted Washington hit her. In subsequent testimony, the officer clarified he was not certain if this statement came directly from Fliss or from Olmstead. This court cannot find Washington was not prejudiced by the State's failure to fully and fairly disclose the testimony Olmstead was to provide.

## IV. Conclusion

For the foregoing reasons, we reverse Washington's conviction and sentence and remand for new trial.

**REVERSED AND REMANDED.**