# IN THE COURT OF APPEALS OF IOWA

No. 18-0408
Filed March 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FRANKLIN LEE HARRIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt,
District Associate Judge.


        Defendant appeals from his convictions and sentence for operating while
intoxicated and driving while his license is revoked.  **AFFIRMED.**


        R. E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant
Attorney General, for appellee.


        Considered by Vogel, C.J., Vaitheswaran, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Franklin Harris appeals from his convictions and sentence for operating while intoxicated, third offense, and driving while his license is revoked, in violation of Iowa Code sections 321J.2 and 321J.21 (2017). He asserts his trial counsel was ineffective for failing to object to the trial information, conduct proper discovery, and properly use plea negotiations.

We review ineffective-assistance-of-counsel claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Harris asserts his counsel was ineffective for failing to object to missing details in the trial information. He notes the minutes of evidence in the trial information names the arresting officer, Iowa State Patrol Trooper Mason Highland, as a witness but does not summarize his expected testimony. The minutes of evidence must include the expected witnesses "and a full and fair statement of the witness' expected testimony." Iowa R. Crim. P. 2.5(3). "The 'full and fair statement' standard mandates the prosecutor to adequately alert the defendant to the source and nature of the testimony, and place defendant on notice of the need for further investigation of the particular details of the witness's expected testimony." *State v. Wells*, 522 N.W.2d 304, 307 (Iowa Ct. App. 1994). While the minutes of evidence do not separately summarize Trooper Highland's expected testimony, Trooper Highland's incident report is attached to the minutes. This report clearly details the trooper's anticipated testimony and is sufficient to

place Harris "on notice of the need for further investigation." *See id.* Therefore, his counsel was not ineffective for failing to object to the trial information. *See Maxwell*, 743 N.W.2d at 195.

Additionally, Harris asserts his counsel was ineffective for failing to conduct discovery, which left him with no option other than to plead guilty. He also asserts his counsel committed multiple errors during plea negotiations, including failing to secure an adequate benefit for his plea, misidentifying the possible sentencing options, and misidentifying his term of incarceration in the notice of appeal. He claims these mistakes resulted in structural error that did "not place the prosecution's case against meaningful adversarial testing." *Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing Iowa Code § 814.7(3) (2005)). On this record, we affirm Harris's convictions; however, we preserve his ineffective-assistance claims related to discovery and plea negotiations for possible postconviction relief, so a complete record may be developed and afford trial counsel an opportunity to respond to the claims. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Counsel may, indeed, have had good reason for each step he [or she] took or failed to take.").

**AFFIRMED.**