# IN THE COURT OF APPEALS OF IOWA

No. 19-0295
Filed June 3, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**TIMOTHY M. FONTENOT,**
       Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

Timothy Fontenot appeals his convictions on two counts of indecent contact with a child. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

In July 2016, allegations surfaced that Timothy Fontenot had been inappropriately touching eleven-year-old H.N. In the coming days the child underwent a medical evaluation and a forensic interview, which was recorded. Fontenot was ultimately charged by trial information with two counts of second-degree sexual abuse as to H.N.[1] In February 2018, the State filed its notice of intent to present the video of the child's forensic interview as evidence under the residual hearsay exception or, in the event the defense made a charge of fabrication or action from a recent improper influence or motive in testifying, as a prior consistent statement with the declarant's testimony. *See* Iowa Rs. Evid. 5.801(d)(1)(B) (prior consistent statement), .807 (residual exception). In December, the State amended its trial information to include two additional counts of indecent contact with a child as to H.N. The matter proceeded to a jury trial.

At trial, H.N. testified Fontenot first "did something bad to" her when she was six or seven during a camping trip in Minnesota, when he "rubb[ed] up and down [her] leg." The alleged inappropriate touching continued at the child's home in Marion, Iowa, when the child testified she was seven or eight and Fontenot would rub her with his hand. The child testified Fontenot directed her to not tell anyone about the encounters. After a year or two, Fontenot began touching the child's "private spot." This continued until the child was eleven. H.N. testified the last occurrence involved Fontenot rubbing her "private spot" under her underwear, and on one occasion he inserted his fingers. The child also testified Fontenot

---

[1] He was also charged with two counts of indecent contact with a child as to another child, E.M.

bought her items so he could have extra "tickle time"—which is what Fontenot called the inappropriate touching episodes—with her. H.N. generally testified Fontenot touched her both over and under her clothing more times than she could count.

On cross-examination, defense counsel highlighted inconsistencies between H.N.'s testimony and her prior statements in her forensic interview and February 2018 deposition. Later in the trial, the State requested admission of the video of H.N.'s forensic interview. The State argued the video was admissible under the residual exception to the rule against hearsay. Alternatively, the State argued defense counsel's cross-examination of the child amounted to a charge that the child recently fabricated her allegations or acted from a recent improper influence or motive in testifying, and the child's statements in the video therefore did not amount to hearsay. The court allowed the video to be admitted. Ultimately, the jury found Fontenot guilty of two counts of indecent contact with a child as to H.N.[2]

Fontenot now appeals his convictions, claiming the video of the forensic interview amounted to hearsay and the district court erred in allowing its admission. Appellate review of challenges to the admission of evidence on hearsay grounds is for correction of errors at law. *In re Det. of Tripp*, 915 N.W.2d 867, 873 (Iowa 2018); *State v. Juste*, 939 N.W.2d 664, 674 (Iowa Ct. App. 2019). "This standard of review extends to determining whether statements come within an exception to the general prohibition on hearsay evidence." *State v. Russell*, 893 N.W.2d 307,

---

[2] The jury could not reach verdicts on the sexual-abuse counts, which were later dismissed. The jury found Fontenot not guilty of indecent contact with E.M.

314 (Iowa 2017). Improper admission of hearsay evidence "is presumed to be prejudicial unless the State shows the contrary," which may be established by "proving the error was harmless beyond a reasonable doubt." *State v. Huser*, 894 N.W.2d 472, 495 (Iowa 2017).

Fontenot argues the video contains hearsay and was therefore inadmissible. Hearsay is inadmissible except as provided by the Iowa Constitution, a statute, the rules of evidence, or a supreme court rule. Iowa R. Evid. 5.802. Hearsay is any out-of-court "statement" made by the "declarant" while not testifying at the current trial or hearing that is offered "into evidence to prove the truth of the matter asserted in the statement." Iowa R. Evid. 5.801(c). The term "statement" means a person's oral or written assertion, or "[n]onverbal conduct, if intended as an assertion." Iowa R. Evid. 5.801(a). The term "declarant" means "the person who made the statement." Iowa R. Evid. 5.801(b).

However, certain statements are not hearsay. *See* Iowa R. Evid. 5.801(d). A declarant-witness's prior statement is not hearsay if the declarant-witness "testifies and is subject to cross-examination about a prior statement, and the statement" "[i]s consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Iowa R. Evid. 5.801(d)(1)(B). One scholar has laid out the elementary requirements for admissibility as follows:

> To be admissible under Rule 5.801(d)(1)(B), the party seeking to admit the prior consistent statement must establish the following four elements: (1) the declarant must testify at trial and be subject to cross-examination concerning the prior statement; (2) there must be an express or implied charge of recent fabrication or improper influence or motive against the declarant; (3) the prior statement must be consistent with the declarant's challenged in-court

testimony; and (4) the prior consistent statement must be made before the alleged motive to fabricate or improper influence arose.

7 Laurie Kratky Doré, *Iowa Practice Series: Evidence*™ § 5.801:7 (Nov. 2019 update) (footnotes and citations omitted).

Fontenot only appears to challenge the fourth element. He argues because the statements contained in the video occurred after H.N.'s allegations of inappropriate touching, they do not fit the exception. "Our supreme court adopted the rule 'that a witness's prior consistent statement is admissible as nonhearsay to rebut a charge of recent improper motive under Iowa rule of evidence [5.]801(d)(1)(B) *only if* the statement was made before the alleged improper motive to fabricate arose.'" *Juste*, 939 N.W.2d at 674 (quoting *State v. Johnson*, 539 N.W.2d 160, 165 (Iowa 1995)). The statement must occur before the allegation of motive to fabricate arose, not before the initial report of alleged abuse. *See id.* The implicit allegation of recent fabrication arose during defense counsel's cross-examination of H.N. or, at the very earliest, during H.N.'s February 2018 deposition, both of which unquestionably occurred after H.N. made her statements in the forensic interview. The defense's cross-examination of H.N. implied a fabrication of H.N.'s version of the facts and occurred after her forensic interview and, therefore, the fourth element is satisfied. *See, e.g.*, *State v. Crawley*, No. 11-0466, 2012 WL 470174, at *4 (Iowa Ct. App. Feb. 15, 2012); *State v. Wells*, 522 N.W.2d 304, 309 (Iowa Ct. App. 1994).

While somewhat unclear, Fontenot also appears to lodge a challenge to the establishment of the third element, that the prior statement be consistent with the declarant's challenged in-court testimony. He claims the video included

statements that were inconsistent with H.N.'s trial testimony. Specifically, in her trial testimony, H.N. agreed Fontenot never touched her breasts, but in the forensic interview she stated Fontenot placed his hand under her shirt and sports bra and started touching, squeezing, and rubbing her "private spot up here," referring to her chest area, two days earlier. He also claims the video contained information not contained in H.N.'s testimony, that Fontenot variously touched his penis over his pants while he touched H.N. and conversation H.N. had with Fontenot and the other alleged victim. But the jury was instructed that witness statements made before trial that it found "inconsistent with the witness's testimony during the trial could only be used "as a basis for disregarding all or any part of the witness's testimony during the trial."[3] In other words, the jury was instructed H.N.'s prior inconsistent statements could not be used as substantive evidence but only as a tool to assess H.N.'s credibility as a witness during trial. *Cf. State v. Kramer*, No. 16-2048, 2018 WL 346454, at *9 (Iowa Ct. App. Jan. 10, 2018) ("Insofar as the admitted portion contained more than prior consistent statements, we note the district court clearly articulated the purpose for which the [evidence] was admitted and its intention to restrict the evidence to such use."). We presume the jury followed the court's direction that it could only use the conflicting or additional information as a credibility assessment tool, *see State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012); *State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010), and the evidence was therefore not inadmissible hearsay because it was not being considered for the truth of the matter asserted. *See* Iowa R. Evid. 5.801(c)(2).

---

[3] Defense counsel objected to this instruction at trial, but it is not challenged on appeal.

Presuming the jury followed the instruction, we are also unconvinced the complained-of evidence had any prejudicial effect on the jury's verdict. The instruction, coupled with the inconsistent statements in the video, served to Fontenot's benefit rather than his detriment.

We conclude the bulk of the forensic interview video was properly admitted as non-hearsay prior consistent statements and Fontenot suffered no prejudice from the admission of the inconsistent statements contained in the video of the interview. As such, we affirm Fontenot's dual convictions of indecent contact with a child.

**AFFIRMED.**